Sicotte vs. Barber and others.

SICOTTE, Appellant, vs. BARBER and others, Respondents.

*October 28 — November 15, 1892.*

*Settlement: Evidence: Court and jury.*

In an action for a balance due on account, defendants pleaded a settlement. It appeared that plaintiff had accepted without objection a draft for the amount which defendants' agent said was due; that he had not then claimed more, because he was afraid defendants' agent would hold all the money till he signed a receipt in full; and that, two hours later, defendants' agent did ask for such a receipt, which plaintiff refused to give. *Held*, that a settlement was not conclusively shown, and the question should have been left to the jury.

APPEAL from the Circuit Court for *Ashland* County. The plaintiff resided at Ashland, and the defendants at Dunkirk, N. Y. On January 5, 1891, they entered into an agreement in writing to the effect that the plaintiff on that day sold to the defendants, to be delivered in the Shores Lumber Company boom, at their mill in Ashland, a certain lot of white pine saw logs, then cut and skidded, located on the land therein described, in Ashland county, estimated

to be from 300,000 to 400,000 feet, and the price to be at $5.50 per 1,000 feet, log scale. The defendants therein agreed to pay as advance money $300, and $3 per 1,000 feet on all logs delivered in the mill boom February 1, 1891, and the balance of $2.50 per 1,000 feet March 1, 1891, or thirty days after all logs were delivered in the boom as per said agreement. The scaling of the logs was therein agreed to be mutually agreed on, and expenses shared equally.

On June 9, 1891, the plaintiff commenced this action alleging that he delivered to the defendants, at the place named, under said contract, 354,283 feet of the logs described, amounting at the agreed price to the sum of $1,948.55, which amount became due and payable April 14, 1891; that the defendants had paid no part of said sum except $1,479.59; and prayed judgment for the balance of said sum, to wit, $468.96. The answer alleged, by way of a plea in bar to said action, that the plaintiff only delivered under said contract 269,018 feet of such logs, which at the agreed price was $1,479.59, and that April 15, 1891, there was an account stated and a full settlement had between the parties, wherein it was agreed that the amount of said logs at the agreed price thereof was as last stated, and the same was then and there paid to the plaintiff as a full settlement of all logs delivered under said agreement.

At the close of the trial the court directed the jury to return a verdict in favor of the defendants and against the plaintiff, and they did so accordingly. From the judgment entered thereon the plaintiff appeals.

For the appellant there was a brief by *Lamoreux, Gleason, Shea & Wright*, and oral argument by *E. F. Gleason*.

For the respondents there was a brief by *Dockery & Kingston*, and oral argument by *E. J. Dockery*.

CASSODAY, J. Of course, if the defendants paid to the plaintiff the balance due upon full settlement, or if there was

Sicotte vs. Barber and others.

an accord and satisfaction, the plaintiff could not recover without alleging and proving fraud or mistake in such settlement. Manifestly the verdict was directed in favor of the defendants upon the theory that the undisputed evidence showed that the defendants made such payment upon such settlement. Upon a careful examination of the record, we are forced to the conclusion that this was error. True, the plaintiff testified that thirty days after he got through delivering the logs he called upon Davis (defendant's agent) to get the balance of his money; that Davis looked in his book, and said, " That is what is coming to you to-day," or, " There is so much coming to you to-day; " that he appeared to have it figured up, and said that was right, according to his scale, and gave the plaintiff a draft, which he accepted without objection; that he, the plaintiff, then knew that the difference in the number of logs which the defendants admitted to have scaled and the number which the plaintiff claimed to have delivered was 593; that at the time of receiving the draft he did not claim more because he was afraid if he did the defendants would hold all his money until he signed a receipt in full settlement; that, two hours after receiving the draft, Davis did ask him to sign a receipt in full, which he refused to do. We do not think this evidence, especially when taken in connection with the other testimony on the part of the plaintiff, justified the court in taking the question of settlement away from the jury. If there was no such settlement, then it was for the jury also to determine whether the parties agreed upon a scaler, and also whether all the logs delivered were scaled.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.