[Civ. No. 744.  Second Appellate District.—March 9, 1910.]

# D. R. WELLER, Respondent, v. WILL P. STEVENS, Appellant.

ACCOUNT FOR GOODS SOLD AND DELIVERED—ACCORD AND SATISFACTION—SUPPORT OF FINDING.—In an action by the assignee of an open account for the balance of the price of goods sold and delivered to the defendant, where issue was joined thereupon, and the defendant pleaded an accord and satisfaction, it is held, upon a review of the evidence, that there was no accord and satisfaction, and that the evidence supports the finding for the plaintiff.

ID.—UNDISCLOSED INTENTION OF DEFENDANT NOT BINDING UPON PLAINTIFF.—The intention of the defendant that a small check inclosed in a letter sent to the assignor should be in full payment of the account, undisclosed either in the check or in the letter, could not bind the assignor, or the plaintiff as his assignee.

ID.—STATEMENT IN LETTER—SUIT CONTEMPLATED—CONDITIONAL PROMISE TO PAY IN FULL—ACCORD AND SATISFACTION NOT DISCLOSED.—A mere statement in the letter inclosing the check that the defendant considered the assignor's charge for the machines sold and delivered to defendant altogether too high, and that he would not pay the full price "unless a jury and judge say that I shall pay the same, and when they do, I am glad to say that the bill will be promptly paid," indicates no intention to claim an immediate accord and satisfaction.

ID.—REPLY OF ASSIGNOR—RECEIPT ON ACCOUNT—REQUEST FOR MEETING—CONSENT OF DEFENDANT.—Where the assignor, in reply to the letter inclosing the check, acknowledged a receipt on account, and requested a meeting for conference, with a view to an amicable settlement, to which defendant replied expressing his consent to meet the plaintiff, at which no agreement appears to have been reached, there was no accord and satisfaction.

ID.—ESSENTIAL ELEMENTS OF ACCORD AND SATISFACTION—NATURE OF OFFER.—The nature of the offer or tender by the debtor is an important consideration in determining whether there has been an acceptance and satisfaction. To constitute an accord and satisfaction, it is necessary that the money should be offered in full satisfaction of the demand, and be accompanied by such acts and declarations as amount to a condition that the money, if accepted, is accepted in satisfaction; and it must be such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such condition.

ID.—DISPUTED CLAIM—CHECK NOT DECLARED IN FULL OF ALL DEMANDS.—Where a claim is in dispute, and the debtor sends or

gives the creditor a check for a less sum, which he declares to be in full of all demands, the retention thereof by the creditor constitutes an accord and satisfaction. But where there was no dispute prior to bill rendered, and the check was not declared to be in full of all demands, the receipt for the same on account by the creditor shows no accord and satisfaction.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frank F. Oster, Judge presiding.

The facts are stated in the opinion of the court.

Lucien Earle, for Appellant.

Jones & Weller, for Respondent.

SHAW, J.—Action to recover a balance of $2,609.40 and interest alleged to be due upon an open account for goods sold and delivered by plaintiff's assignor to defendant. In addition to a general denial, defendant pleaded, by way of a separate defense, an accord and satisfaction.

The findings as to all the issues were against defendant, and judgment went for plaintiff in accordance with the prayer of the complaint, from which, and an order denying his motion for a new trial, defendant prosecutes this appeal.

Appellant's claim for a reversal is based upon the ground that the facts proved established an accord and satisfaction, as alleged in his answer; hence, he claims the finding to the contrary is unsupported by the evidence.

It appears from the evidence that defendant employed plaintiff's assignor to manufacture certain ice machines, the price thereof to be determined by the cost of construction. The machines were constructed in accordance with the specifications therefor and duly delivered to defendant. Thereafter, plaintiff's assignor sent to defendant a statement of account as to the cost of manufacturing the machines, showing a balance due of $3,030.67. Upon receipt of this statement defendant wrote a letter to the assignor protesting against the charges as being exorbitant, and showing that according to his figures the balance due was only $421.27. as to which, says he in the letter, "I am inclosing you a check for $421.27 covering the same." There was an absence of

anything on the check indicating that it was delivered in full payment of the account, and there is nothing in the letter transmitting the check showing that it was intended as payment in full of the account. On the contrary, it appears therefrom that defendant conceded a liability to the extent of $421.27, for, among other things in his letter, he says: "I consider [the charges] altogether too high and I certainly shall not pay this price unless a jury and judge say that I shall pay the same, and when they do, I am glad to state that the bill will be promptly paid. . . . So you see I think your bills are unreasonable and will never pay the same willingly as they now stand." And in closing he states: "I deeply regret that I cannot see my way clear at the present time to pay the bill as you have seen fit to render it." In reply to this letter, plaintiff's assignor wrote: "We inclose herewith the receipt on account for $425.27. We cannot render you receipt in full for the reason that your version of the conditions under which these machines were ordered and built cannot be accepted"; and further requesting that a meeting be arranged between them in order to effect an amicable settlement of the account. Defendant replied to this, expressing his willingness to hold the suggested meeting at a date therein named by him. Defendant testifies: "I did not know prior to this statement that was rendered to me by the plaintiff what the machines were going to cost. I had conversations with the plaintiff, but could get nothing out of them. The date that I wrote to the plaintiff the letter on the 22d of November, 1906, was the first time that I knew the total price of the machines. Prior to that time I had no definite price from them as to the cost of the machines." This is substantially all the evidence touching the question at issue, and we think it clearly justified the court in finding the issue in favor of plaintiff. Defendant testifies that he intended the check to be in full payment of the account, but there is absolutely nothing in the record tending to show that he gave expression to such intention. His undisclosed intention could not bind the plaintiff. Neither upon the check nor in the letter was there any statement to indicate to plaintiff that it was intended to be in full payment. "The nature of the offer or tender by the debtor is an important consideration in determining whether there has been an acceptance

and satisfaction. To constitute an accord and satisfaction it is necessary that the money should be offered in full satisfaction of the demand, and be accompanied by such acts and declarations as amount to a condition that the money, if accepted, is accepted in satisfaction; and it must be such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such conditions.'' (1 Cyc. 332.) Appellant asserts that, ''according to the weight of authority, where a claim is in dispute and the debtor sends or gives the creditor a check for a less sum, which he declares to be in full payment of all demands, the retention thereof by the creditor constitutes an accord and satisfaction.'' This statement of the law is correct, but, in the first place, it does not appear that there was any dispute prior to the receipt of the statement. Defendant received the statement, and, regarding it unreasonable, refused to pay it in full, but did concede that a certain amount was due and paid it. He did not declare that it was in full payment of all demands; on the contrary, his letter clearly indicates that as to the balance he expected plaintiff to bring suit, which he declared he would not pay willingly, but that it would be promptly paid upon the rendition of judgment against him. Moreover, when plaintiff's assignor notified him they could not accept his version of the case, and inclosed a receipt on account for the amount of the check, he made no objection to such application, but at their suggestion fixed a time to meet them for the purpose of adjusting their differences as to the balance of the account which he had refused to pay.

Judgment and order affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 8, 1910, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 29, 1910.