[Civ. No. 1008.    Second Appellate District.—November 18, 1911.]

## J. S. JOHNSTON, Respondent, v. FRANK W. BURNETT, Appellant.

ATTORNEY AND CLIENT — COLLECTION OF LITIGATED NOTES — DISPUTED FEES—CASHED CHECK—RESIDUE TENDERED IN FULL SETTLEMENT—ACCORD AND SATISFACTION—NOTICE—ESTOPPEL.—Where an attorney had conducted a protracted litigation for his client in the superior and supreme courts for nearly two years for the collection of notes, and there was a dispute as to the amount of the attorney's fees, and the attorney, after collecting the notes, tendered a check for the residue, less his fees, which was avowedly "given in full settlement of all matters between us," and was cashed by the client, an accord and satisfaction was thereby established; and notwithstanding a letter then written to the attorney and afterward received by him, stating that the check, though cashed, was not accepted by the client in full settlement, the client by cashing the check is estopped from maintaining any action against the attorney for any residue of the amount collected.

ID.—EFFECT OF TENDER OF UNLIQUIDATED SUM IN DISPUTE—DUTY OF OFFEREE—REJECTION OR ACCEPTANCE UPON PRECISE TERMS.—Where tender is made to a party to whom a debt is owing of an amount less than that which is claimed to be due on a disputed account, and the amount claimed to be due is unliquidated, and the party making the tender in express terms offers the payment in full satisfaction of the disputed account, the offeree in that case is bound either to reject the offer or to accept it upon the precise terms denoted by the tender. If he appropriates to his own use the amount tendered, he cannot afterward be heard to say that he did so on any other terms than those which the person making the offer imposed upon him.

ID.—ESTOPPEL OF PAYEE OF CHECK.—The payee of the check cannot assert that he did not understand that the sum thereby offered "in full" was not, when accepted and used, a payment in full. He was bound either to reject the check tendered, or, by accepting it, to accede to the terms offered. He could not accept the benefit and reject the condition. The use and cashing of the check tendered was *ipso facto* an acceptance of the condition.

ID.—DEFENSE OF ACCORD AND SATISFACTION PROVED.—It is held that, in view of the uncontradicted testimony, that the defense set up in the answer that there had been an accord and satisfaction was clearly made out, and that, as matter of law, a judgment should have been directed for the defendant on that plea, and that the evidence does not sustain the verdict or judgment rendered for the plaintiff.

17 Cal. App.—32

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

J. W. McKinley, and W. R. Millar, for Appellant.

Davis, Kemp & Post, for Respondent.

JAMES, J.—This action was brought by plaintiff to recover the sum of $866.59, alleged to have been collected by defendant for the benefit of plaintiff and which defendant had refused to pay to plaintiff upon demand being made therefor. Prior to the year 1910 defendant, as an attorney at law, was employed by plaintiff to bring suit to enforce the collection of three promissory notes, each being for the principal sum of $2,000. After various proceedings had in the superior and supreme courts, judgment in favor of plaintiff was finally affirmed, nearly two years after suit was commenced. Defendant collected the amount due upon the judgment, which included, besides the principal sum of $6,000, interest amounting to about $1,100, together with costs. Of this sum he first applied $2,020.05 in extinguishment of an indebtedness owing by plaintiff to a certain banking institution, which he was authorized to do; then, after deducting, in satisfaction of his own demand for attorneys' fees, the amount of $1,100, he remitted to plaintiff his check for the balance, plus $110 which had theretofore been advanced by plaintiff as costs. Accompanying this check was the following letter:

"Los Angeles, Cal., June 28th, 1910.
"Mr. J. S. Johnston, 624 I. W. Hellman Building,
    Los Angeles, Cal.

"Dear Sir: I have at last, after nearly two years contest in court, succeeded in collecting the notes of Mrs. Blewett, which you acquired from W. H. Bates.

"The principal of the notes amounts to $6,000, and you advanced $110 toward the cost of the litigation. This amount I return to you as follows:

"Paid to Citizens National Bank, amount of your
  note, secured by assignment of judgment to me..$2020.05
"My check herewith ...........................  4089.95
                                                _____
                                                $6110.00

"Which check is given in full settlement of all matters
between us.   Your cancelled note is enclosed.   Yours truly,
                                   "F. W. BURNETT."

Prior to the sending of this check and letter by defendant
there had been a failure of the parties to agree upon the
amount of the attorney's fee to be charged for the services
rendered, and when plaintiff received the letter and check of
defendant he objected to the amount deducted on this account.
According to plaintiff's testimony, immediately thereafter he
met defendant on the street and protested against the charge
made for attorneys' fees, and asked for a further itemized
statement, which he testified defendant agreed to send him.
However, before any further statement was furnished by de-
fendant, the following letter was written by plaintiff and dis-
patched and was received by defendant in due course of mail:

                          "Los Angeles, Cal., July 6, 1910.
"Frank W. Burnett, Esq.,
      Citizens National Bank Bldg., Los Angeles, Cal.

"Dear Sir: I have been out of town for some time, and
when returning I received your letter dated June 28th enclos-
ing a check for $4089.95, and my note for $2020.05, cancelled,
in which you state that the within check is given in full set-
tlement of all matters between us.   I am this day cashing the
check but I want it explicitly understood that it is not in full
as a settlement of all matters between us.   You have in your
hands, according to my figures, $866.59, money collected by
the Citizens National Bank for me, and turned over to you.
The judgment in this case was assigned by me to the bank,
with instructions to them to pay off my note to them of
$2020.05, and deposit the balance to my account, and the
action of the bank in turning over this money to you is without
any authority whatsoever.

"I also call your attention to the fact that you have in
your possession a bond of the Mocoreto Mercantile & Manu-
facturing Company delivered to you for your information.

"As per my conversation with you to-day, unless the sum above mentioned is paid to me within twenty-four hours after the receipt by you of this letter, I will bring suit against you to collect the same, and I hereby demand of you that you at once return the bond mentioned to me.

"Yours truly,

"J. S. JOHNSTON."

Plaintiff at the trial admitted that he had cashed defendant's check and received the amount called for thereby. Among other defenses, the defendant urged that by the acceptance of the check which was cashed by plaintiff, that the account between the parties became settled, and that it could not thereafter be questioned as plaintiff sought to question it by this action. The case was tried before a jury and a verdict returned in favor of plaintiff for the sum of $500. The appeal is from the judgment and from an order denying a motion for a new trial.

No question was made at the trial, or is here urged on the part of respondent, but that defendant had the authority and right to make application of the proceeds received upon satisfaction of the judgment entered on the promissory notes in the manner which he did apply them, except that it was and is contended only that in the application of such proceeds too great an amount was charged for the professional services rendered by defendant to plaintiff. Neither is it questioned that at the time the check and letter referred to were sent by defendant to plaintiff there was an existing dispute between defendant and plaintiff as to the amount of the charge to be made on account of attorneys' fees. These facts appearing, the question is then presented as to whether, upon the tender of the check of the defendant to the plaintiff, with the statement that it was given in full satisfaction of all matters between the parties, and the appropriation of the check and money received thereon by the plaintiff, an accord and satisfaction was established which would preclude plaintiff from thereafter maintaining any action against defendant for the same account. Section 1521, Civil Code, provides that an accord is an agreement to accept, in extinction of an obligation, something different from or less than that to which the person agreeing to accept is entitled. Section 1523 of the same code reads as follows: "Acceptance, by the creditor, of the consid-

eration of an accord extinguishes the obligation, and is called satisfaction.'' If the plaintiff, upon receipt of defendant's check, had the legal right to apply the proceeds therefrom on account merely, saving to himself a right of action for any balance which he claimed to be due him by merely notifying defendant that he did not receive the money as in full satisfaction of the indebtedness, then the case as presented was a proper one to go to the jury, and its decision cannot be here disturbed. But we are of the opinion that this position cannot be sustained. Where tender is made to a party to whom a debt is owing of an amount less than that which is claimed to be due, and the amount claimed to be due is unliquidated, and the party making the tender in express terms offers the payment as in full satisfaction of the disputed account, the offeree in that case is bound, either to reject the offer, or to accept it upon the precise terms denoted by the tender. (*Creighton* v. *Gregory,* 142 Cal. 34, [75 Pac. 569]; *Weller* v. *Stevens,* 12 Cal. App. 779, [108 Pac. 532].) If he appropriates to his own use the amount tendered, he cannot afterward be heard to say that he did so upon any terms other than those which the person making the offer imposed upon him. Such a state of facts is that precisely illustrated by the evidence in this case. It was said in *Nassoiy* v. *Tomlinson,* 148 N. Y. 326, [51 Am. St. Rep. 695, 42 N. E. 715], where a similar case was considered: ''The plaintiff cannot be permitted to assert that he did not understand that a sum of money, offered 'in full,' was not, when accepted, a payment in full. . . . He was bound either to reject the check, or, by accepting it, accede to the defendant's terms. . . . He could not accept the benefit, and reject the condition. . . . The use of the check was *ipso facto* an acceptance of the condition. The minds of the parties then met, so as to constitute an accord.'' The fact that the defendant may have, upon the demand of plaintiff, after receipt of the check by the latter, agreed to furnish a further itemized statement of account, did not in anywise have the effect of withdrawing the offer made by defendant of the check in full settlement of matters of account then pending between the parties. It is not claimed, nor was it shown by any evidence heard at the trial, that defendant promised or agreed to remit any further sum than the amount for which his check was drawn, or that he in any

way consented that plaintiff should apply the amount tendered as on account merely. As we view the case, by the uncontradicted testimony, the defense set up by defendant, that there had been an accord and satisfaction, was clearly made out, and as a matter of law a judgment should have been directed in his favor on that plea. The evidence does not sustain the verdict or judgment.

The judgment and order are reversed.

Allen, P. J., and Shaw, J., concurred.