B. SPARKS, Appellee, v. THE SPAULDING MFG. CO., et al., Appellants.

Accord and satisfaction: SETTLEMENT: TENDER: ACCEPTANCE: EFFECT. Where there was a good faith dispute and disagreement as to the amount due on an unliquidated claim, a tender of a certain sum in full settlement and liquidation of the claim must be either unconditionally accepted or rejected. The acceptance and crediting of a sum tendered in full payment on the amount claimed will constitute an accord and full satisfaction.

*Appeal from Poweshiek District Court.*—HON. K. E. WILCOCKSON, Judge.

THURSDAY, FEBRUARY 20, 1913.

ACTION to recover compensation for work and labor performed by plaintiff about the foundation of a building belonging to defendant Spaulding Manufacturing Company, a copartnership. Defendants admit that plaintiff performed some work for them in preparing the ground for the foundation of a building, but pleaded payment and an accord and satisfaction. On these issues, the case was tried to a jury, resulting in a verdict and judgment for plaintiff, and defendants appeal.—*Reversed.*

*A. C. Lyon* and *W. R. Lewis,* for appellants.

*J. H. Patton,* for appellee.

DEEMER, J.—Under an agreement which did not fix the rate of compensation, plaintiff performed some work for the defendants in preparing the ground for the foundation of a building, which defendants proposed to erect.  As the price for the work was not fixed, a controversy arose upon its completion, and plaintiff commenced this suit to recover the amount he claimed to be due.  He introduced testimony tending to show the value of his services; but defendants relied upon their plea of payment and accord and satisfaction, and now insist that the trial court erred in submitting the case to the jury, and in its instructions with reference to these issues. As the amount of plaintiff's compensation was not fixed, and a good-faith dispute arose between him and the defendants as to the amount due, it was competent for the parties to fix the amount due or to agree upon a settlement, and, if they did so, either expressly or by necessary implication, and defendants paid plaintiff the amount so fixed or agreed upon, then plaintiff cannot recover, for there was an accord and satisfaction.  Whether or not there was a payment or an accord and satisfaction was primarily a question of fact for the jury.  But these may become questions of mixed law and fact for the court, and defendants counsel insist that this was the fact here, because the testimony, with reference thereto, is almost wholly in the form of letters.  The trial court submitted these issues to the jury, and the verdict was for the plaintiff.

We here set out the material parts of the testimony bearing upon these propositions.  Plaintiff testified as follows:

The first time I told Mr. Spaulding what he owed me was when I went back.  I said if I was going to take $400 there was $160 back.  He said he would only pay $15 a day.  I said, 'Mr. Spaulding, I can't take it;' and got up and left him.  On the way over to get this $100, he asked me what was right, and I told him, if he would allow me fifty feet a day at fifty cents per foot, I would be satisfied.  That would be $25 a day. . . . When Spaulding gave me the $100 check,

he did not say he would pay me the balance as soon as my time was made out. He asked me if I wouldn't take a check for $100 and come around in a few days and get the rest. He wanted to see the boys. I suppose he meant his boys. I came back in a few days; but we could not agree as to the amount due. He said $15 a day was enough. I would not take it, I wanted $25 a day. We did not agree on any settlement.

One of the defendants said with reference to this matter:

After the work was completed, Mr. Sparks came to me and told me he was through. I told him, 'As soon as Mr. Hayden can get the time, you come in, and we will pay you; and, if you need any money now, I will pay you.' He said he would like $100, and I went in and gave him a check for $100. In a day or two he came in. . . . Then I asked Mr. Sparks, 'Now, what is the bill?' . . . He said he would charge $400, $25 a day. I looked at him and said, 'You are joking.' 'No,' he said, 'I mean it.' He said he had lost the digging of a great many wells. He could only name two thirty-foot wells. I told him I would give him $15 a day. He said he would not take it. I told him I was sorry we could not agree. He got up to go, and I told him any time he came back we were ready to settle. The next thing I knew we had a letter from Mr. John Patton that he had it in his hands for collection. . . . I fixed the terms for a settlement, for I knew it was all he was worth. I didn't offer to settle on any other terms. I do not want to settle on any other terms. . . . I thought Mr. Sparks was joking when he asked $400 for his work. I had men who did the same work and more for $1.90 per day.

The letter from Patton, referred to in the testimony of this defendant, reads as follows:

Grinnell, Iowa, September 28, '10.
Spaulding Manufacturing Company, Grinnell, Iowa—Dear Sirs: Bart Sparks has placed in my hands for adjustment a difference which seems to exist between you and Mr. Sparks, relative to his compensation for boring or digging holes in connection with the foundation for your new building. Mr. Sparks says his charge amounts to $400.00; that

you have paid him $175.00, leaving $225.00 still due. Mr. Sparks informs me that Mr. H. W. Spaulding offered Mr. Sparks what would amount to $240.00 for his work, being based on $15.00 per day. This Mr. Sparks says is not enough and that he will not settle on that basis. Judging from what Mr. Sparks has said to me, it may be that you folks have got beyond the period of negotiation; if so, you are perhaps up to the line of litigation. I have no disposition to crowd the matter to a lawsuit, and I do not think Mr. Sparks wants me to do anything else at this time than to get from you the amount he claims due without suit, unless the latter is made necessary by a refusal to pay. Hoping to hear from you soon, I am, Yours truly, J. H. Patton.

This was responded to by defendants' counsel, Mr. A. C. Lyons, as follows:

October 4, 1910.

J. H. Patton, Atty., Grinnell, Iowa—Dear Sir: Your recent letter regarding the claim of Bart Sparks has been referred to me for attention. I will try to see you shortly regarding it. Yours truly, A. C. Lyon.

To this Patton responded, saying:

Grinnell, Iowa, Oct. 10-10.

A. C. Lyon, Att'y at Law, Grinnell, Iowa—Dear Sir: Mr. Bart Sparks is urging me for an answer with reference to his claim against the Spaulding Manufacturing Company. I would like to take this matter up with you within a day or two. I also want to talk with you about a claim William Prentis has against the Spaulding Manufacturing Company. Yours truly, J. H. Patton.

This was followed by a letter reading:

Oct. 11, 1910.

Mr. John H. Patton, Grinnell, Iowa—Dear Sir: Carrying out our conversation of this morning regarding Bart Spark's claim, we are sending you herewith our check for $40.00 payable to his order, which is the balance due him for work done by him and his men on the foundation of our new building. We regard this as an extremely liberal payment for the time employed and the work done, and in the writer's judgment it is much more than would be considered rea-

sonable under the circumstances. We are sending this to you at this time in the belief that you will advise its acceptance and for the reason that the writer is to be out of town a week or so, and we do not wish to keep Mr. Sparks out of any money which we think is due him. Very truly yours, Spaulding Manufacturing Co., by A. D. Lyon. ACL H— ENC.

Patton then wrote this:

Grinnell, Iowa, Oct. 19-10.

Spaulding Manufacturing Co.,Grinnell, Iowa—Dear Sirs: Yours of the 11th instant inclosing check for $40.00 payable to the order of B. Sparks received. I have delayed answering awaiting an interview with Mr. Sparks, which I had to-day. He declines to accept the $40.00 in settlement of his claim, but acting upon my advise he retains the $40.00 and credits same on his account against you. As I understand the matter you have now paid him in cash $215.00 and $25.00 in a buggy, making a total payment of $240.00. Mr. Sparks insists upon being paid $400.00. This leaves a difference of $160.00 between you, and Mr. Sparks has instructed me to bring suit for this balance at once if not paid. I assume from your letter that you consider you have paid Mr. Sparks liberally for the work he did, and that perhaps you will decline to pay more voluntarily. I will take the initial steps to an action, but will be pleased to stop or dismiss the same at any time you and Mr. Sparks can agree upon a settlement. Yours truly, J. H. Patton.

And to this defendant responded as follows:

Oct. 28, 1910.

Mr. J. H. Patton, Grinnell, Iowa—Dear Sir: The writer has just returned home from a business trip and your letter of October 19, regarding Bart Spark's claim, was received in due course. If Mr. Sparks does not desire to receive and accept the money which we sent him in our letter of October 11th on the terms and conditions under which it was sent, he had better return the money to us at once. Of course if you desire to bring suit on a claim which is in the condition which this claim is, you are at perfect liberty to do so, although it seems to the writer that the proposition on which it is based is an absurd one. That, however, is for Mr. Sparks

to decide, or rather for you to decide for him. We note that you say in your letter that you will be pleased to stop or dismiss the action any time we and Mr. Sparks can agree on a settlement, and in reply will say that we have had no dealings whatever with Mr. Sparks since the claim was presented by you and will have none, unless he desires to present the matter. When we have done as much as we think just and reasonable and when, as in this case, we have gone as far beyond what any one would agree was reasonable under the circumstances, we are perfectly willing to abide the consequences. Yours truly, Spaulding Manufacturing Co., by A. C. Lyon. A. C. L. H.

The check referred to in this correspondence was dated October 11, 1910, made payable to plaintiff, and cashed by the bank, upon which it was drawn after being indorsed by plaintiff and his attorney on October 22d of the same year; and the testimony shows that defendants did not know it had been cashed at the time they wrote the letter under date of October 28th. This is the entire testimony upon the issues now being considered; and, at the conclusion of all the testimony, defendant moved the court for a directed verdict. This motion was overruled and the court submitted the issue of payment and accord and satisfaction to the jury.

Among other instructions given were the following:

If you find from the evidence, guided by these instructions, that the plaintiff assented to and accepted the check for $40 in full settlement and satisfaction of the claim sued on, then the plaintiff would not be entitled to recover of the defendants in any sum whatsoever; and, if you so find, then you should determine the issue of accord and satisfaction in favor of the defendants, and return your verdict in their favor. But if you believe from the evidence that the plaintiff, at the time of the acceptance of the said check, refused to accept or receive the said check in full payment and satisfaction of this claim against the defendants, but accepted and retained the same only with the uderstanding between himself and the defendants that the same should be accepted as part payment only, and not in full satisfaction, then the same would not constitute an accord and satisfaction between

the parties. With reference to the check for $40, the defendants allege that the same was given by them and received by the plaintiff in full satisfaction of the claim of the plaintiff. The plaintiff alleges that said check was not offered, and he did not receive the same in full payment. And upon this you are instructed that the question of giving and acceptance of the $40 check depends upon the intention of the parties; and it is a question of fact for your determination, from all the evidence in the case, guided by these instructions as to the law. The mere fact that the plaintiff accepted the $40 and converted the money to his own use and benefit does not necessarily show that he accepted it in full satisfaction of all his claim against the defendants. But it is for you to say, under all the facts and circumstances in this case, taking into consideration the statements of the parties and the letters, all as shown by the evidence, as to whether or not the plaintiff did receive and accept the $40 with the understanding that it was a satisfaction in full, or whether he accepted it with the understanding that it was a part payment of what he claimed the defendants owed him.

Complaint is made of these instructions and of the overruling of defendants' motion for a directed verdict, and we think the complaint is well founded.

In *Perin v. Cathcart*, 115 Iowa, 553, it is said:

But as an accord and satisfaction is an executed agreement whereby one of the parties undertakes to give, and the other to accept, in satisfaction of a claim arising either from contract or tort, something other or different from what he is or considers himself entitled to, no invariable rule can be laid down, with any degree of certainty, as to what constitutes such an agreement. Each case must be determined largely on its peculiar facts. To constitute a valid accord and satisfaction, not only must it be shown that the debtor gave the amount in satisfaction, but that it was accepted by the creditor as such. *Jones v. Fennimore*, 1 G. Greene, 134; *Weddigen v. Fabric Co.*, 100 Mass. 422. The agreement need not be express, but may be implied from circumstances, as shown in the cases just cited. Where an offer of accord is made on condition that it is to be taken in full of demands, the creditor doubtless has no alternative but to refuse it or accept it upon

such conditions. *Keck v. Insurance Co.,* 89 Iowa, 200. But, even in such a case, the debtor may consent to the creditor's receiving it on his own terms. *Potter v. Douglass,* 44 Conn. 541. *Sicotte v. Barber,* 83 Wis. 431 (53 N. W. 697); *Gassett v. Town of Andover,* 21 Vt. 342.

In *Beaver v. Porter,* 129 Iowa, 41, the trial court gave the following instruction:

To constitute an accord and satisfaction, where there is a bona fide dispute, it is necessary that the money should be offered in satisfaction of the claim, and the offer accompanied with such acts and declarations as amount to the condition that, if the money is accepted, it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such conditions. A party to whom an offer is thus made has no alternative but to refuse it or to accept it upon such conditions, and, if he takes it, his claim is cancelled.

And speaking of the rule there announced, we said:

Now, within our view, if agreement of settlement there was, it arose impliedly out of the acceptance by Alpaugh of the statement of account and check sent him, and the appropriation by him of the latter to his own use, and not otherwise. And, if there was a good-faith dispute as to the amount due, it is true, by the weight of authority, that the acceptance of the statement and check would amount, in law, to a complete accord and satisfaction. See the cases collected in 1 Cyc. 333, note, among which are the following: *Ostrander v. Scott,* 161 Ill. 339 (43 N. E. 1089); *Golden v. Bartlett Illuminating Co.,* 114 Mich. 625 (72 N. W. 622); *Eames, etc., Co. v. Prosser,* 157 N. Y. 289 (51 N. E. 986); *Washington, etc., Co. v. Johnson,* 123 Pa. 576 (16 Atl. 799, 10 Am. St. Rep. 553); *Hull v. Johnson,* 22 R. I. 66 (46 Atl. 182).

See, also, *Cartan v. Tackaberry,* 139 Iowa, 586; *Keck v. Insurance Co.,* 89 Iowa, 200; *Greenlee v. Mosnat,* 116 Iowa, 535; *Barrett v. Insurance Co.,* 120 Iowa, 184.

In the cases from which we have quoted, the court adopts the New York rule, and the doctrine obtaining in that state

is shown by the following quotations from the cases cited.  In *Nassoivy v. Tomlinson*, 148 N. Y. 326 (42 N. E. 715, 51 Am. St. Rep. 695), the court said:

The plaintiff could only accept the money as it was offered, which was in satisfaction of his demand.  He could not accept the benefit and reject the condition, for, if he accepted at all, it was *cum onere*.  When he indorsed and collected the check referred to in the letter asking him to sign the inclosed receipt in full, it was the same, in legal effect, as if he had signed and returned the receipt, because acceptance of the check was a conclusive election to be bound by the condition upon which the check was offered.  The use of the check was *ipso facto* an acceptance of the condition.  The minds of the parties then met, so as to constitute an accord.

And in *Fuller v. Kemp*, 138 N. Y. 231 (33 N. E. 1034, 20 L. R. A. 785), the Court of Appeals of that state said:

Where the demand is liquidated, and the liability of the debtor is not in good faith disputed, a different rule has been applied.  In such cases, the acceptance of a less sum than is the creditor's due will not, of itself, discharge the debt, even if a receipt in full is given.  The element of a consideration is lacking, and the obligation of the debtor to pay the entire debt is not satisfied.  There are many authorities which enforce this proposition, but they have no relevancy to a case like the present, where the debt was unliquidated; and there was a bona fide disagreement in regard to the extent of the debtor's liability.  The law favors the adjustment of such controversies without judicial intervention, and will not permit the creditor to accept and retain money which has been tendered by way of compromise, and then successfully litigate with his debtor for the recovery of a greater sum.  There have been some cases in our own courts where this principle has been applied; but in none that we have examined has the question arisen in the exact form here presented.  *Palmerton v. Huxford*, 4 Denio, 166; *Looby* v. *Village of West Troy*, 24 Hun. 78; *Hills* v. *Sommer*, 53 Hun, 392 (6 N. Y. Supp. 469); In other states, there are many decisions directly in point, where the facts were not distinguishable from those appearing

in this record. *McDaniels* v. *Lapham,* 21. Vt. 222; *Preston* v. *Grant,* 34 Vt. 201; *Townslee* v. *Healey,* 39 Vt. 522; *Boston Rubber Co.* v. *Peerless Wringer Co.,* 58 Vt. 553 (5 Atl. 407); *Bull* v. *Bull,* 43 Conn. 455; *Potter* v. *Douglass,* 44 Conn, 541; *Reed* v. *Boardman,* 20 Pick. [Mass.] 441; *Donahue* v. *Wood-bury,* 6 Cush. [Mass.] 148 (52 Am. Dec. 777); *Hilliard* v. *Noyes,* 58 N. H. 312; *Brick* v. *Plymouth Co.,* 63 Iowa, 462; *Hinkle* v. *Railroad Co.,* 31 Minn., 434 (18 N. W. 275). In *Preston* v. *Grant, supra,* the Supreme Court of Vermont very sharply, and as we think, correctly, defined the line of discrimination which separates this class of cases from those where the defense fails. Judge Pierpont, delivering the opinion of the court, at page 203 of 34 Vt., says: 'To constitute an accord and satisfaction, it is necessary that the money should be offered in satisfaction of the claim, and the offer accompanied with such acts' and declarations as amount to a condition that, if the money is accepted, it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such condition. When a tender or offer is thus made, the party to whom it is made has no alternative but to refuse it or accept it upon such condition. If he takes it, his claim is canceled, and no protest, declaration, or denial of his, so long as the condition is insisted on, can vary the result. The principle is too well settled in ˉthis state to require either argument or the citation of authorities to support it.' To make out the defense, the proof must be clear and unequivocal that the observance of the condition was insisted upon, and must not admit of the inference that the debtor intended that his creditor might keep the money tendered in case he did not assent to the condition upon which it was offered. The defendant here has brought his case clearly within the rule, and is entitled to have the judgment of the general and special terms reversed, and the complaint dismissed, upon the stipulated facts.

The rule so clearly announced is applicable here. There can be no question that there was a *bona fide* dispute between the parties regarding the amount due upon an unliquidated claim; that defendants offered plaintiff a check for $40 in full satisfaction of the claim; that plaintiff accepted and

cashed the check with knowledge that defendants were tendering it in full payment. Plaintiff's attorney wrote, saying that he declined to accept the check in full payment, and proposing to apply it on account and to sue for the balance; but defendants immediately disapproved of that plan and demanded the return of the money at once. This plaintiff refused to do, but, with knowledge of the conditions of defendants' tender, kept the money and then commenced this suit. It seems quite clear to us that plaintiff "cannot eat his cake and keep it too."

In *Johnson v. Burnett*, 17 Cal. App. 497 (120 Pac. 436), the Court of Appeals of California said:

Where a tender is made to a party to whom a debt is owing of an amount less than that which is claimed to be due, and the amount claimed to be due is unliquidated, and the party making the tender in express terms offers the payment as in full satisfaction of the disputed account, the offeree in that case is bound either to reject the offer or to accept it upon the precise terms denoted by the tender. *Creighton* v. *Gregory,* 142 Cal. 34 (75 Pac. 569); *Weller* v. *Stevens,* 12 Cal. App. 779 (108 Pac. 532). If he appropriates to his own use the amount tendered, he cannot afterwards be heard to say that he did so upon any terms other than those which the person making the offer imposed upon him.

None of the cases cited and relied upon by appellee announces a contrary rule. It follows that the trial court was in error in overruling defendants' motion for a directed verdict and giving the instructions which we have quoted.

For these reasons the judgment must be, and it is, *Reversed.*