## MILLS v. PENNY.

1. **Adverse Possession**: WHAT IS NOT. Possession by plaintiff of a disputed strip of land taken and held for fifteen years in the belief that it was a part of the quarter-section owned by him, and with no intention of claiming any land beyond his own quarter-section, was not adverse possession, so as to give him title under the statute of limitations to any land not embraced in his quarter-section. (Compare *Grube v. Wells*, 34 Iowa, 148, and *Skinner v. Crawford*, 54 Iowa, 119.)

2. **Boundaries**: EVIDENCE AS TO CORNERS: NEW SURVEY. Positive and uncontradicted testimony of competent witnesses as to the location of original government corners, as seen by them, will prevail over the location of such corners as found by a re-survey.

*Appeal from Buchanan District Court.*

FILED, MARCH 10, 1888.

ACTION in equity to quiet title to real estate. Judgment for plaintiff, and defendant appeals.

*Woodward & Cook*, for appellant.

*Blair & Dunham* and *W. H. Norris*, for appellee.

REED, J.—Plaintiff is the owner of the southeast quarter, and defendant of the northeast quarter, of section twenty-seven, township eighty-nine, range seven. A former owner of the southeast quarter planted a willow hedge on what he claimed was the line between the two tracts. Defendant claims that the true line is forty-three and one-half links south of that hedge, and the property in dispute is the strip of ground lying between the hedge and the line as defendant claims it to be. Plaintiff claims (1) that the hedge is on the true line; and (2) that he, and those under whom he claims, have been in open, actual and adverse possession of the disputed strip for more than fifteen years, and that consequently his title is established by prescription. With reference to the latter claim, we deem it sufficient to say that the evidence is that possession was taken and held in the belief that the disputed strip was part of the southeast quarter, and without any intention of claiming any part of the other quarter-section; so that if, as matter of fact, the strip was part of the northeast quarter, the possession would not, under the former rulings of this court, be regarded as adverse, and consequently the statute of limitations could not apply. *Grube v. Wells*, 34 Iowa, 148; *Skinner v. Crawford*, 54 Iowa, 119. We think, however, that a fair preponderance of the evidence shows that the hedge is on the true line. The person who planted it, and who owned the southeast quarter when it was planted, testified that at that time the quarter-section corners on both the east and west lines of the section were standing, and that he staked the line between them, and planted the hedge on that line. He is corroborated by another witness, who has lived in the neighborhood for many years, and who testified that he saw the mound and stake at the east end of the hedge several years after the hedge was planted. These witnesses are not contradicted by any direct testimony. The defendant relies on the fact that the east end of the hedge, as

*In the left margin:*

1. ADVERSE possession: what is not.

2. BOUNDARIES: evidence as to corners: new survey.

shown by a recent survey, is forty chains and forty-three and one-half links north of the southeast corner of the section. But that does not prove that the quarter-section corner was not originally located at the point where the witnesses say they saw it. If the original survey of the land had been absolutely accurate, the line between the southeast corner of the section and the quarter-section corner would have been just forty chains in length. But the common observation is that the lines are seldom found upon a re-survey to be of the exact length required by the instructions under which the original survey was made, or as shown by the field notes. The apparent discrepancy in this case is not so great as even to raise a suspicion of fraud on the part of the land-owner who would be benefited by it. It may have occurred in the original survey, and the work have been done in a reasonably careful manner.

The judgment, we think, is fully sustained by the evidence.

AFFIRMED.