L. O. SAWIN v. THE UNION BUILDING AND SAVINGS ASSOCIATION OF DES MOINES, IOWA, Appellant.

**Fraud:** DUE CARE. Plaintiff while at a drug store bought certain shares of defendant's agent. Being unable to read without spectacles and being unable to find any in the drug store with which he could read, he asked the agent to read an application for shares which the agent had filled out. He read it as calling for the shares agreed upon. In truth it ordered another class. *Held,* in an action to recover the money paid, the jury might find that plaintiff used due care.

**Principal and Agent:** NOTICE. A general agent for selling shares has power to collect the purchase price before or after delivery, and the fact that the shares are not in his possession when he sells is not notice that he lacks the power to collect.

**Practice:** ISSUE ON GENUINENESS OF SIGNATURE. A signed writing was attached to an answer as an exhibit and as part of it. Its signature was not denied under oath. It purported to state the limitation put upon the powers of an agent. *Held,* Code 2730, which provides that the genuineness of the signature to a writing which is made part of the pleading shall be presumed unless denied by the opposite party, under oath, has no application and that the statements of the exhibit should not be treated as an undenied allegation which may not be controverted by testimony.

EVIDENCE. Where no objection is made, witness may give the substance of a paper after having stated that they once saw it.

ADDITIONAL: DISCRETION. A court may allow plaintiff to offer additional evidence after both rest and after announcing an intent to direct a verdict against plaintiff.

**Practice in Supreme Court.** Objection to the admission of testimony cannot be first made on appeal.

*Appeal from Clinton District Court.*—HON. P. B. WOLFE, Judge.

MONDAY, OCTOBER 7, 1895.

Action at law to recover a sum of money alleged to have been paid to the defendant, with interest. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*Edred S. James* and *Read & Read* for appellant.

No appearance for appellee.

Robinson, J.—The defendant is incorporated under the laws of this state as a building and savings association. It has for sale different classes of stock, among which are those named by it "A" and "B." Provision is made in its by-laws for class A stock as follows: "(1) Any person, upon the payment of one dollar per share, shall receive a certificate for the same known as 'Class A Stock,' and thirty days from the date of such certificate, and monthly thereafter until maturity, there shall be due fifty-eight cents per share, and when the said payments, together with the profits and accumulations thereon, shall equal one hundred dollars per share, then the holder thereof shall receive, on the surrender of his certificate, the value thereof in cash. (2) Any person whose shares in class A may have been withdrawn or matured may at any time thereafter retake a like number of shares without the payment of admission fee; or, in case of the maturity of stock, the owner of such stock may have the option of withdrawing his admission fee of $1 per share, and thus terminate his membership." The provision in the by-laws in regard to class B stock is as follows: "(1) Forty dollars per share, paid in advance, with one dollar per share admission fee, shall entitle any person to a prepaid certificate of one hundred dollars per share, par value at maturity, to be designated as 'Class B Stock,' upon which no further payment shall be required, and such shares shall be charged two per cent. per annum

of the par value of such stock for expenses." The plaintiff is a resident of the city of Clinton, and claims to have paid to one S. S. Price, an agent of the defendant in that city, the sum of two hundred and twenty-five dollars for five shares of class B stock. A certificate was issued to the plaintiff, but it was for class A stock, and has been returned to the defendant. The plaintiff seeks to recover the amount so paid with interest. Price never accounted to the defendant for the money so received, and has absconded. The defendant denies that the plaintiff purchased class B stock, and denies that Price was authorized to receive the money paid him. The plaintiff recovered the full amount which he claimed.

I. To procure the desired stock, the plaintiff signed an application which proved to be for five shares of class A stock and contains an agreement for the payment by him of an admission fee of five dollars, and fifty-eight cents monthly. The receipt given by Price showed the payment to him of two hundred and twenty-five dollars for five shares. It is clear that a wrong was perpetrated by Price. The defendant claims that Price was a special traveling agent, with prescribed and limited powers only, to take and forward to the defendant, upon blanks furnished by it, written applications for shares of its stock, to collect and receipt for the membership fee of one dollar for each share of stock, and to take and forward to the home office for approval written applications for loans; that the membership fee he was authorized to collect was his compensation for doing the business. An exhibit, marked "A," was attached to and made a part of the answer of the defendant, and was alleged in the answer to be a copy of the instrument in writing by which Price was appointed agent, and empowered to act for the defendant. That certifies that Price "has been appointed special traveling agent

of this association at ———, and is authorized to solicit
and receive applications for stock and to collect the
admission fee of one dollar per share thereon, and to
submit to this association applications for loans for
their consideration to the home office at Des Moines,
Iowa." No powers excepting those we have set out
were stated in the exhibit. The plaintiff claims that
Price was a general agent of the defendant, and to sus-
tain the claim, offered the testimony of several wit-
nesses, who testified that they saw the commission or
certificate of authority issued by the defendant to Price,
and that in lieu of the words "special traveling," in
Exhibit A of the answer, was the word "general," mak-
ing the appointment of Price that of a "general agent,"
instead of a "special traveling agent." The defendant
objected to this testimony on the ground that the signa-
ture to the instrument, a copy of which, it is alleged, is
attached to the answer, is not denied, and that evidence
to contradict the terms of the written instrument was
incompetent and immaterial. The objection thus made
was overruled. No issue is formed in regard to the genu-
ineness of any signature attached to the exhibits of the
answer. Therefore section 2730 of the Code does not
apply. The claim made by the plaintiff on this branch
of the case, is in effect, that Exhibit A of the answer is
not a copy of the commission or authority under which
Price acted, and it was therefore competent for the
plaintiff to show, notwithstanding that exhibit, that
Price was in fact empowered to act as a general agent
of the defendant. The cases of *Hagan v. Insurance Co.*,
81 Iowa, 321 [46 N. W. Rep. 1114], and *Shaw v. Jacobs*,
89 Iowa, 713 [55 N. W. Rep. 333], are not in conflict with
the conclusion we announce. It is also claimed by the
appellant that the testimony in question was errone-

ously admitted, because the genuineness of the signature to the commission which the witnesses claimed to have seen was not proven. That objection does not appear to have been made in the trial court, and cannot be given any weight here. The witnesses in question stated that they saw the commission from the defendant to Price, and, in the absence of objection, that was sufficient as a foundation for their testimony. It is also objected in argument that the witnesses were unable to state the entire contents of the commission they saw; but that objection also seems to be urged for the first time in this court and must therefore be disregarded. Some evidence respecting the commission given to Price, and the authority it conferred, was offered in behalf of the defendant, some of which tended to show that, if the commission designated him a general agent, it contained such limitations of power as to make him only a special agent. The evidence on behalf of the plaintiff on that point is not entirely satisfactory to us, and it is probable that we should not have found as the jury must have done in regard to it had the cause been triable here anew; but the evidence to show that Price was described in the commission as a general agent is ample to sustain the finding that he was so described, and we cannot say that the evidence is not sufficient to sustain the further finding that there was no limitation upon his powers as a general agent.

II. It is said that the application signed by the plaintiff shows that he was to receive class A stock, and that it is the written contract of the parties, and conclusive. The plaintiff alleges that his signature to the application was procured by deception and fraud on the part of Price, and that the application does not show the real agreement of the parties. The evidence tends to show the following facts: The plaintiff was nearly seventy years of age,

and unable to read ordinary printing and writing without the aid of glasses, when he was approached by Price and asked to buy stock. This occurred in a drug store at a distance from the home of the plaintiff. After some explanation in regard to the different classes of stock, the plaintiff agreed to take five shares of paid up stock, for which he was to pay forty dollars per share, and in addition twenty-five dollars, to apply on the payment of charges to which, according to the representations of Price, it would be liable from time to time. The plaintiff was without his glasses, and when the application was produced for his signature was unable to read it. After attempting in vain to find glasses among those kept in the drug store which he could use, he asked Price to read the application. Price pretended to do so, but read it, not as it was in fact, but as though it conformed to the verbal agreement which had been made. Believing that the application had been correctly read, the plaintiff signed it, and paid to Price two hundred and twenty-five dollars. It may be that the plaintiff could have exercised a higher degree of caution to ascertain the contents of the paper he signed, but he was dealing with the avowed agent of the defendant, and under the circumstances disclosed by the record had a right to rely upon his reading the application. We think that the jury were authorized to find that the plaintiff used due care in signing it.

III. The defendant contends that Price had no authority to receive the money paid him, and that the fact that he did not have the certificate for delivery was notice of his want of power in that respect. The authorities cited to sustain that proposition are not applicable to the facts of this case, as they were necessarily found by the jury. They refer to the implied power of an agent to receive payment of money on a written obligation, as a promissory note, when he does not have the obligation in his possession,

and has not in fact any authority to receive payment on it; to the implied power of commercial travelers, who have authority to sell goods by sample only, to collect the price for which they are sold; and perhaps to other cases in which the question was whether the authority to do a given act carried with it an implied power to do something else. For the purpose of this case, it must now be assumed that Price was a general agent of the defendant for the sale of its stock. As such agent he had the right to do whatever was usual and proper to effect sales, including the receiving of money paid on account of them. "A general agent is an agent who is empowered to transact all of the business of his principal of a particular kind or in a particular place." Mechem, Ag., section 6; 1 Am. & Eng. Enc. Law, 348. Sales of stock involve the payment of money, and to collect it either before or after delivery is as much within the power of a general agent as is the right to make the sales.

IV. During the trial of the cause both parties announced that their evidence was concluded, and the defendant then moved the court to direct a verdict for it. The motion was argued by counsel, and the court announced its purpose to sustain it, stating the grounds upon which the ruling would be based. Thereupon the plaintiff asked leave to recall a witness for further examination. Permission to do so was given, the witness was examined further, the defendant introduced additional testimony, and other witnesses were recalled for the plaintiff. The defendant complains of the ruling of the court in permitting evidence to be offered after it had announced its intention to sustain the motion. We are of the opinion that there is no valid objection to the action of the court. No abuse of its legal discretion is shown. The power of a trial court to set aside the submission of a cause, and to hear further evidence, was considered at some length in

the case of *Sickles v. Bank*, 81 Iowa, 408 [46 N. W. Rep. 1089], and it was there held that the power existed. We think the decision in that case fully warranted the district court in its action in this case.

V.   The defendant has presented questions in argument which we have not specially mentioned. They include those raised on the introduction of evidence, the personal liability of Price for the money he received, the sale by him of a kind of stock which the defendant could not issue, the failure of the plaintiff to return the certificate issued to him in due time, and the correctness of a portion of the charge given to the jury. Some of these questions are disposed of by what we have already said, and others are not of sufficient importance to be treated at length. It is sufficient to say that we have examined all questions discussed, with care, but do not find sufficient grounds for disturbing the judgment of the district court. The plaintiff dealt with Price in his representative capacity only, and paid him money under an agreement which the defendant refuses to perform. The record shows that the plaintiff never accepted the certificate sent to him, but demanded one in accordance with his agreement, and within a reasonable time returned the one he had received. Under the circumstances shown, the payment made to Price was payment made to the defendant, and as it has refused to issue a certificate for the stock on account of which the payment was made, it should refund the money received by its agent. The judgment of the district court is *affirmed*.