In the Matter of the Estate of JAMES CARROLL, Deceased. BRIDGET MOYLAN, Administratrix, Appellant, v. JERRY DEWAN, Guardian of CATHERINE CARROLL, and CATHERINE CARROLL, Appellees.

**Evidence:** PEDIGREE: FAMILY HISTORY: ADMISSIBILITY. Evidence relating to pedigree, genealogy and family history although usually matters of hearsay is admissible; but as a general rule the statements of which the witness may testify must have antedated the litigation. In this action the testimony of a widow as to the family history of her deceased husband, as she got it from him, is held admissible in the controversy over the distribution of the estate wherein the issue of heirship is involved.

**Estates of decedents:** ALLOWANCE OF CLAIMS. An administrator who has not paid a claim or become in any manner liable therefor in the settlement of the estate can not complain on appeal of an order disallowing the same.

**Same:** DISTRIBUTION: INHERITANCE TAX. A collateral inheritance tax is chargeable against a distributee of the estate and is to be taken out of his share by the administrator; and an order of distribution is not erroneous because failing to take such tax into consideration.

**Same:** ATTORNEY'S FEES. An order for distribution of an estate is not erroneous because failing to provide for attorney's fees which are not asked.

**Admission of additional evidence:** DISCRETION. The court may properly admit further evidence after all the parties have rested; especially where there is no claim of surprise or request for time to meet the additional evidence.

**Administration:** TAXATION OF COSTS. An administrator appealing from an order disallowing claims is in no position to complain that the costs on affirmance are taxed against him as administrator, and not against his distributive share as an heir.

*Appeal from Carroll District Court.*—HON. Z. A. CHURCH, Judge.

FRIDAY, DECEMBER 16, 1910.

THIS is a controversy over the distribution of an estate. The administratrix filed a report and asked an order of the court directing her in the distribution thereof. She also averred that one Catherine Carroll, a minor, claimed to be an heir at law of the decedent and that such claim was doubtful, and she asked that the said Catherine Carroll be required to establish her relationship by proper proof. After a hearing on the merits the trial court found that Catherine Carroll was an heir of the decedent, and ordered distribution accordingly. The trial court also disallowed certain claims that had been filed by the husband and sister of the administratrix, and which had been approved. by the administratrix. The administratrix appeals.—*Affirmed.*

*·Reynolds & Meyers* for appellant.

*Lee & Robb* and *M. J. Hallanan,* for appellee.

EVANS, J.—The argument on behalf of appellant has extended quite beyond the issues presented in the pleadings and tried' in the court below. Bridget Moylan was appointed administratrix of the estate of her deceased brother, James Carroll, who died in 1905. So far as known 'to any of his relatives he was unmarried and childless. He left an estate consisting wholly of moneys amounting to $2,317. The administratrix filed a report showing expenditures which left a balance in her hands of $1,674.24. She averred that out of this sum the collateral inheritance tax was yet to be paid. She also averred that Michael Moylan and Julia Dewan had filed claims against the estate for $195, each of which she had allowed. She asked also that an allowance be made to her·attorney as attorney's fees. She also called the attention of the court to the claim of

Catherine Carroll as already indicated.  She asked that a
time of hearing be set, and that the court provide by order
as to- the notice which should be. given of such hearing.
The court entered a proper order providing for the pub-
lishing of a notice to all parties interested, and notice was
published accordingly.   Later Catherine Carroll duly ap-
peared in person and by her guardian, Jerry Dewan, and
averred that she was the only child of Patrick Carroll, now
dead, a brother of the deceased James Carroll.   She also
averred that Bridget Moylan, the administratrix,. and Julia
Dewan, both sisters of the decedent, were the only other
persons who were entitled to share in the estate, and that
she and the said sisters of the decedent were entitled each
to one-third of the same.. On her behalf proof was offered
that Catherine Carroll was the only daughter of Patrick
Carroll and that Patrick Carroll was the brother of James
Carroll.   Several objections to offered testimony were made
in the course of the trial by administratrix, and the ad-
verse rulings of the trial court are now presented for our
consideration.   It may as well be said here that the rela-
tionship of Catherine Carroll to the decedent was proved
beyond all reasonable doubt, regardless of any objection-
able evidence in the case.   At the time of the death of
James Carroll, Catherine and her mother were residents
of Middlesboro, England.   As a result of correspondence
with the relatives in Iowa, Catherine and her mother, in
May, 1905, came to Bayard, Iowa, to the home of Julia
Dewan, the sister of James Carroll.   The mother remained
about a month and returned to England, but Catherine has
continued to live at Bayard ever since.   Neither Catherine
nor her mother had ever before seen .any of the father's
relatives.   Mrs. Dewan had an old picture of her brother
Patrick, which was recognized by the mother of Catherine
as that of her former husband, although she did not recog-
nize it when she first saw it.   Some sixteen years prior,
a brief correspondence of two or three letters had passed

between Patrick and Mrs Dewan. The letters on behalf of Mrs. Dewan were written by her husband, Jerry Dewan, who is now the guardian of Catherine Carroll. These letters, three in number, continued in the possession of the widow of Patrick until after the death of James, and according to her testimony she sent them to the sister, Julia Dewan. This fact is not denied by Mrs. Dewan, although she does deny that she ever authorized her husband to write for her. It is undisputed that there was a brother, Patrick Carroll, and that he lived in England, and that he was supposed to be dead, and that he was supposed to have left a wife and child. It does not appear that any question was ever raised as to the identity or relationship of Catherine until the administratrix's report was filed, and we are impressed from the record that the whole controversy on this question is the result of an afterthought. The deposition of the mother of Catherine has been introduced in evidence. In her testimony she has given the family history of her husband as she got it from him. The principal objections urged are directed against this testimony as being hearsay.

I. It is sufficient to say that evidence relating to pedigree and genealogy, and family history, usually consists of hearsay, and presents an exception to the general rule on that subject. Such declarations are

1. Evidence: pedigree: family history: admissibility.

received in evidence as being the natural effusions of a party who must know the truth, and who speaks on an occasion when his mind stands in an even position, without any temptation to exceed or fall short of the truth. *Whillock v. Baker,* 13 Ves. 514. As a general rule such information or statements concerning which a witness may testify must have antedated the litigation and the controversy, so that they could not have been induced thereby. They must be *ante litem motam.* For a full discussion see: 16 Cyc. 1225, 1230; *Alston v. Alston,* 114 Iowa, 29; 2 Greenleaf

on Evidence (16th Ed.) section 114. We think there was no error in admitting the testimony complained of.

It is urged in argument by appellant that the evidence on behalf of Catherine is insufficient because there was no proof that Patrick and James Carroll were legitimate sons of the same parents, and because it appeared in the evidence that there was a cousin, Patrick Carroll, who also lived in England. We are unable to see merit in either contention. If it was incumbent upon Catherine to show the legal marriage of her grandparents in order to entitle her to inherit from her uncle James, it was quite as necessary that the same facts should be shown by Mrs. Moylan and Mrs. Dewan as a condition to their inheritance. It is also urged that there was testimony tending to show that two deceased sisters left surviving children, and that, therefore, others might be entitled to a share in this estate. No such claim was made in the trial court. In the pleading of the claimant she averred that there were no other heirs than herself and her two aunts. No issue was taken upon this allegation and the case was tried below on this assumption. The same may be said of the claim of appellant in argument, that there is no proof that James Carroll was, in fact, childless and unmarried at the time of his death.

II. The trial court disallowed the claims of Michael Moylan and Julia Dewan for $195 each. Complaint is made of that part of the order. The claimants themselves did not appeal. The administratrix as such had no interest in the allowance of the claims. She had not paid the same nor become liable thereon in any way in the administration of the estate. It was to her interest, therefore, as administratrix, and to the protection of the estate in her hands, that the claims should be disallowed. Whether the order was in fact erroneous or otherwise, she at least, has no ground of complaint.

2. ESTATES OF DECEDENTS: allowance of claims.

III. The trial court found that Bridget Moylan, Julia Dewan, and Catherine Carroll were entitled to take each one-third of the net estate and ordered distribution accordingly. The order included the finding that each was entitled to $527. These figures appear to have been taken from the administratrix's report after deducting therefrom $25, attorney's fee for a former attorney, and $66, costs in the present action. It is urged that the court erred in that it failed to take account of the collateral inheritance tax, and in that it failed to allow attorney's fees for the present attorneys of the administratrix. We do not think that the order of the court precludes the collection of the collateral inheritance tax. Theoretically such tax must come from the distributee of the estate and out of his share. It is made the duty of the administrator to protect the state against loss and he is required to withhold it out of the share of each distributee. The order of the trial court does not in any manner interfere with the performance of that duty by the administratrix in this case.

3. SAME: distribution: inheritance tax.

As to the attorney's fees for the present attorneys, we find nothing in the record indicating any request or claim for the allowance of the same. The request for an allowance in that respect was limited in express terms to George W. Paine for his services as attorney and this request seems to have been granted.

4. SAME: attorneys fees.

IV. It is urged that the court erroneously reopened the case and permitted testimony to be introduced after the case had been fully argued and submitted. The argument puts the point stronger than the record. It appears from the record that after "all parties rested" the court permitted further testimony. It does not appear that the case had been submitted or argued. The only evidence introduced was that of Julia Dewan, whom the claimant called to the

5. ADMISSION OF ADDITIONAL EVIDENCE: discretion.

witness stand. She had already been on the witness stand and was adverse to the claimant. There was no claim of surprise, nor was time asked by the administratrix to meet the additional testimony. The trial court acted clearly within its legal discretion.

V. Lastly, it is urged that the court should not have taxed the costs of the proceedings to the administratrix. Such costs were taxed against her as administratrix, and

6. ADMINISTRA- not as an individual. The argument does
TION: taxa- not advise us from what other source the
tion of costs. costs could equitably come. The only persons before the court against whom it could have taxed them were Bridget Moylan, as an individual, and Catherine Carroll. As between these two, the court must have taxed the costs against the share of Bridget Moylan alone. The court having protected her in that respect, she yet appeals from that part of the order. This complaint is quite on a par with her complaint of the disallowance of the $195 claims against the estate. A litigant ought to be willing to abide a favorable order. The taking of an appeal in such case savors too much of mere litigiousness. We are unable to discover in this record wherein the estate as such has or had any interest in the prosecution of this appeal.

The order of the trial court must be affirmed at appellant's cost, and she will not be permitted to impose any part of such cost upon the distributive share of the appellee still remaining in her hands.—*Affirmed.*