W. A. FAIR, Appellee, v. COUNTY OF IDA, Appellant.

BOUNDARIES: Surveys—Federal Survey Conclusive. A section corner duly established by a government survey is conclusive.

**TRIAL:** Reception of Evidence—Reopening Case. The trial court has a large discretion in reopening a cause for reception of additional testimony.

Headnote 1:   9 C. J. p. 209.   Headnote 2:   38 Cyc. p. 1360.

Headnote 1:   4 R. C. L. 116.   Headnote 2:   26 R. C. L. 1042.

*Appeal from Ida District Court.—J. A.* HENDERSON, *Judge.*

DECEMBER 13, 1927.

Action at law, to recover damages for land taken for a public highway. A jury was waived, and the cause tried to the court. The defendant appeals from a judgment of $750 rendered against it.—*Affirmed.*

*George H.. Clark, Jr.,* County Attorney, for appellant.

*Charles S. Macomber,* for appellee.

STEVENS, J.—I.   Appellee is the owner of the southeast quarter of Section 14, Township 87, Range 39, Ida County, Iowa.   There is, and has been for many years, a public highway extending north and south between Sections 13 and 14. The controversy is as to the true location of the section corner common to the southwest quarter of Section 13 and the above described tract.   Prior to the change in the location of the highway of which appellee complains, there was a jog to the east therein, at the point in controversy.   For the purpose of straightening the highway, a change was made by moving the highway west, resulting in the appropriation of a strip off of the east side of appellee's land, varying in extent, according to the testimony of the witnesses, from 1.20 to approximately 3 acres.

The board of supervisors of Ida County, in 1885, by appropriate resolution, directed the county surveyor to make surveys of Ida County, for the purpose of perpetuating government section corners.   The survey thus made at the point in question located the section corner approximately 66 feet east of the corner as located by a subsequent survey, made in 1888 by one McWilliams.   Testimony introduced by appellee tended to show that the original government stake was located by the county

surveyor in 1885, and a monument set by him at the exact location thereof.

The subsequent survey, it is claimed by appellant, was made in accordance with the government field notes on file in the county auditor's office. It is, of course, conceded that the

1. BOUNDARIES: surveys: Federal survey conclusive.

true corner is the one located and established by the government survey, whether right or wrong. *Nesselrode v. Parish,* 59 Iowa 570.

The question, however, which the court below was called upon to decide was one of fact. The record of the survey made in 1885 by the county surveyor is not conclusive. It is the government survey, and not that of the county surveyor, that controls. The court found from the evidence that the true corner was 66 feet west of the monument placed by the surveyor in 1885. This finding, based upon the evidence, is conclusive, and will not be set aside on appeal. *Mills v. Penny,* 74 Iowa 172, and other similar cases in which the evidence in favor of the survey was introduced, are not controlling. See, also, Chapter 280, Code of 1924.

II. The damages allowed are apparently high, but there is not sufficient evidence from which this court can say that it is not fairly accurate. There is a dispute as to the amount of land taken, but the record does not disclose facts from which this court can make a more accurate computation of the amount of land actually appropriated. The finding of the court on this point will not, therefore, be disturbed.

III. Upon application of appellee, the case was reopened, and further testimony taken. Appellant complains of this ruling of the court. This was a matter resting largely in the dis-

2. TRIAL: reception of evidence: reopening case.

cretion of the court, and, unless abused, will not be interfered with. Counsel for appellee, for some reason, failed to introduce material testimony on the original trial, and, as the case was being tried to the court, and it appeared to be in the interest of justice to do so, we cannot hold that the case should not have been reopened.

Evidence as to the extent of appellee's damages was introduced after the case was reopened, and while the witness testifying thereto was on the stand in rebuttal. The court apparently permitted the testimony to be introduced at the time on

the theory that it would be treated as having been offered in chief. This was not prejudicial to appellant.

We find no reversible error, and the judgment is affirmed. —*Affirmed.*

EVANS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.