FRANCES KEPLINGER, Appellee, v. ADELAIDE P. BARER, Appellant.

No. 46492.

JULY 28, 1944.

Messer, Hamilton & Cahill, of Iowa City, for appellant.

D. C. Nolan, of Iowa City, for appellee.

BLISS, J.— The judgment on which the execution was issued was procured by the appellant's mother on a petition containing two counts, the first count being on a note for $700 executed by the appellee, and the second count being on an account for rent. On February 18, 1941, the judgment creditor, who subsequently died, assigned the judgment to appellant. The execution was issued on May 28, 1943, and after the limitation period specified in said Code section 11033.1.

The petition herein was filed July 20, 1943. The judgment appealed from was entered on October 2, 1943; the appeal was perfected October 29, 1943, and the appellate proceedings are under the new rules. The trial court found and decreed that the $700 note in count one of the petition on which the judgment was based was given for rent owing by the appellee to the judgment creditor, which note was merged in the judgment in an action on a claim for rent, within the purview of said Code section, and that the enforcement of the judgment by execution was therefore barred.

It is our judgment that the record amply sustains the findings and decree of the able trial court.

The appellant relies for reversal upon the following propositions: (1) The judgment was not rendered in an action on a claim for rent within the meaning of the statute (2) the judgment was based on a note executed as the result of either an accord and satisfaction or a novation (3) the court erred and abused its discretion in reopening the case to permit the appellee to offer additional testimony.

In support of propositions 1 and 2 the appellant relies upon the testimony of herself and another witness that during the years 1932 and 1933 and prior thereto the appellee paid all rentals, but borrowed money from the appellant's assignor on numerous occasions and gave her notes therefor; sometime in 1934 a dispute arose as to the amount of the indebtedness and it was compromised at $700, and the note in question was executed. She contends that this was either an accord and satisfaction or a novation, and that, even though the note had been given for rent, a judgment secured thereon would not be within Code section 11033.1. In support of the theory of an accord and satisfaction, appellant cites Sparks v. Spaulding Mfg. Co., 158 Iowa 491, 139 N. W. 1083; Shahan v. Bayer Vehicle Co., 179 Iowa 923, 162 N. W. 221; Olson v. Shuler, 203 Iowa 518, 210 N. W. 453; Munn v. Town of Drakesville, 226 Iowa 1040, 285 N. W. 644. In support of the novation theory, appellant cites Hannan v. Murphy, 198 Iowa 827, 200 N. W. 418; Des Moines JSL Bk. v. Allen, 220 Iowa 448, 460, 261 N. W. 912; Wheeler v. Woods, 205 Iowa 1240, 1245, 219 N. W. 407; Wade & Wade v. Central Broadcasting Co., 227 Iowa 422, 288 N. W. 439; In re

Estate of Eitzen, 231 Iowa 1169, 3 N. W. 2d 546. Appellant also cites Berg v. Berg, 221 Iowa 326, 264 N. W. 821, for its interpretation of section 11033.1. We do not find it necessary to pass upon the rule of any of these cases as none of them aids the appellant or is applicable under the facts in the record. There is evidence given by the appellee and two other witnesses sufficient to establish that the appellee came to Iowa City in 1913 to send her daughter to the State University, and she thereafter remained in the city following her profession of nursing; for seventeen and more years she occupied a residence owned by appellant's assignor and regularly paid the rent, but in 1932 and 1933 she had so little work she was unable to pay the rent of $30 a month; on July 10, 1934, she had some surplus income which she paid to appellant's assignor to take care of the rent from January 1, 1934, to September 1, 1934, at a rental of $25 a month, and received a receipt showing the payment, and on the back of the receipt appellant's assignor wrote the following: "Will give note for $700.00 rent two years previous to January, 1934, later"; there was $720 owing for those two years, and a few days later appellant's assignor came to the appellee's home with a blank note which was then filled out for $700, dated January 1, 1934, which appellee signed and delivered, together with $20 in cash. Appellant does not deny that the writing on the receipt is that of her mother. This notation on the receipt is most convincingly confirmatory of the oral testimony offered by appellee.

There was clearly no error in reopening the trial just after it had been closed to permit appellee to deny an item of testimony which had been overlooked, and to offer the receipt which she had also forgotten.

While this appeal is triable here de novo, the trial court had the witnesses before it and its findings and decree are entitled to consideration, particularly since the testimony was conflicting and its probative value important. Donovan v. White, 224 Iowa 138, 142, 275 N. W. 889; Chader v. Wilkins, 226 Iowa 417, 421, 284 N. W. 183; Pyle v. Stone, 185 Iowa 785, 791, 171 N. W. 156; Thompson Bros. v. Phillips, 198 Iowa 1064, 1066, 200 N. W. 727; In re Estate of Brooks, 229 Iowa 485, 492, 493,

294 N. W. 735; Bates v. Zehnpfennig, 220 Iowa 164, 169, 262 N. W. 141; Rembe v. Ferguson, 183 Iowa 29, 33, 166 N. W. 720.* The decree is—Affirmed.

All JUSTICES concur.

*"11033.1 Execution on certain judgments prohibited. From and after January 1, 1934, no judgment in an action for the foreclosure of a real estate mortgage or deed of trust or in any action on a claim for rent or judgment assigned by a receiver of a closed bank or rendered upon credits assigned by the receiver of a closed bank when the assignee is not a trustee for depositors or creditors of the bank the Reconstruction Finance Corporation or any other federal governmental agency to which the bank or the receiver is or may be indebted shall be enforced and no execution issued thereon and no force or vitality given thereto for any purpose other than as a set-off or counterclaim after the expiration of a period of two years from the entry thereof." Code of Iowa, 1939.