A. J. MEALEY, appellee, v. VICTOR SCOTT et ux., appellants.

No. 47849.

(Reported in 48 N.W.2d 262)

JUNE 5, 1951.

Hugh W. Lundy, of Albia, for appellants.

Alfred M. Pabst, of Albia, for appellee.

MANTZ, J.—Plaintiff's suit is to recover damages from both defendants, growing out of a collision between plaintiff's tractor and a car owned by Frances Scott and then operated by her husband, Victor Scott. Plaintiff's claim was for damages to his tractor, repairs, loss of use and personal disability. The case was tried to the court and a finding and judgment was reached in favor of plaintiff. Both defendants appeal. The pertinent facts will be set forth in the opinion.

There is little dispute in the evidence. Some of it will be set forth in the following summary:

Plaintiff, a farmer, at times did custom work—plowing, baling hay, etc. On August 10, 1948, he had been baling hay. That evening he was driving his tractor homeward on a public highway. While doing so defendant Victor Scott, driving an automobile owned by his wife, Frances Scott, approached the tractor from the rear and ran into it damaging it in various particulars and injuring plaintiff. Plaintiff at once proceeded to have the tractor repaired, but due to scarcity of parts the job was not finished until September 2, 1948. The plaintiff had various baling jobs and in order to go through with them hired a tractor to pull his baling machine and employed others to operate the machine, this last being because of the injuries he suffered at the time of the collision.

Plaintiff's action was based upon the negligence of defendant Victor Scott. The tractor repairs were made at the McDowell garage at Blakesburg, Iowa, and the itemized statement rendered plaintiff was for $394.25. This statement was set forth in his petition and was an exhibit in the case. The pleadings of the defendants were an answer and counterclaim. Therein they denied all liability and charged plaintiff with contributory negligence and asked for damages to the automobile. When the case was reached for trial defendants amended their answer by adding thereto the following:

"That such collision was due to defendant's negligence,

which negligence was the proximate cause of the actual damage to the tractor belonging to plaintiff."

Also they added to their answer the following:

"That defendants offer to confess judgment in the amount of $394.25, the total amount of repairs on said tractor made by the McDowell garage, Blakesburg, Iowa, as itemized in paragraph 7 of plaintiff's petition, and not including the claimed damage for spring, in the amount of $80."

Defendants then struck all of their counterclaim.

Following this there was a discussion between the court and respective counsel as to what remained to be tried. We will set out a part thereof:

"Mr. Lundy: The only issue for trial is the damage, if any, over and above the amount offered in the confession of the judgment."

The record then showed the following:

"It was conceded by the plaintiff and defendants that the loss of use and personal injuries were the only issues involved in said hearing."

Plaintiff in his petition claimed loss of his tractor for sixty days and that its value was $15 per day.

Plaintiff testified that he worked seven days a week and he was damaged by loss of use of his tractor and of hiring others to carry on his work. There were various witnesses who gave their opinion that the rental value of a tractor was $15 per day.

Plaintiff testified, without objection, that he was unable to work for two weeks.

When plaintiff rested defendants moved for a directed verdict. No particular grounds were set forth therein.

This motion was overruled. Thereupon defendants introduced evidence almost all of which was directed to plaintiff's claim of physical disability. When both parties rested the motion for a directed verdict was not renewed.

On December 19, 1949, the trial court made findings of fact and conclusions of law to the effect that plaintiff was entitled to

recover damages to the tractor for $394.25 and also $150 because of his inability to work for two weeks. The court denied any recovery for the loss of use of the tractor, largely because its value was not shown; also, whether the repair parts could have been obtained locally, and the dates thereof. The court held that plaintiff was entitled to recover from defendants the sum of $544.25 and costs, and directed counsel for plaintiff to prepare and submit a record entry to opposing counsel and thereupon to present the same to the court. This order was not prepared.

On the following day plaintiff moved the court to reopen the case and to permit the introduction of further evidence to show that the delay in repairing the tractor was reasonable and that the repairs were made as soon as the necessary parts could be secured; that defendants had made no objection to the itemized statement nor to the length of time required to make the repairs. Plaintiff, in such motion, claimed that he was under the belief that the stipulation made covered the point raised by the court; that at the time of the trial he had the witnesses available who could have furnished the necessary proof as to the delay and the value of the tractor. Plaintiff moved the court to exercise its inherent right to reopen the case and permit him to present evidence in order that justice be done.

Defendants resisted the motion, alleged estoppel, violation of the rule of civil procedure and that plaintiff had ample opportunity to present such matter when the case was tried; that the finding of the court on December 19, 1949 was a final judgment and could only be set aside and vacated as provided by rule 244, Iowa Rules of Civil Procedure.

The trial court sustained the motion and permitted plaintiff to offer evidence as to the reason for the delay in securing the parts to make the necessary repairs; also its value. Such order provided that defendants could offer evidence responsive to any introduced by the plaintiff. Plaintiff thereupon introduced evidence along the line set forth in his motion.

Later, on March 7, 1950, the court filed revised findings of fact and conclusions of law and found that the tractor repairs were made as soon as possible; that their value was $394.25; that the value of the tractor was about $1300; also $320 for the hire of a tractor while repairs were being made; and for the

loss of the use of the tractor $105, a total of $819.25. The allowance of $150, as made in the finding of December 19, 1949; for loss of two weeks time while under disability was not mentioned in the revised findings of March 7, 1950.

I. The first error urged by defendants is the overruling of their motion for a directed verdict. There is no merit to this claim. The motion is in general terms and points out nothing. We will not set out the evidence but we think it was sufficient to justify the court in overruling the motion. The plaintiff, while not hospitalized, testified that he was jarred and shaken up by the collision and for a period of time was unable to carry on his work. The fact that he was not hospitalized would hardly negative his claim to physical injury. Considering the nature of the collision and the damage to the tractor, some injuries to its driver could hardly be avoided and the immediate effect might not be manifest for some time.

In the face of the motion the evidence on behalf of plaintiff is to be considered in its most favorable light in his behalf. No citations are necessary to sustain this principle.

We hold that the court did not err in denying defendants' motion to direct a verdict, assuming that it was in proper form and was timely made.

II. Defendants urge as error the court's ruling reopening the case and permitting plaintiff to offer evidence on the matter of the time taken in repairing the tractor and his claim of expense in securing another tractor and labor to carry on his work. We do not feel that under the record the court erred in so ruling. When the first hearing was had the parties and the court agreed that the only issue left following the defendants' offer to confess judgment was the loss of use of the tractor, and for plaintiff's injuries. It is hard to see wherein defendants were misled or were prejudiced by the ruling of the court. As a matter of fact some of the matters mentioned by the court as lacking proof were at least inferentially touched upon in the record. In the face of plaintiff's pleading and the concession of defendants and the exhibit as to repairs it can readily be seen how the court felt, when we consider its statement made in permitting a reopening of the case. The court there said: "The court is well-satisfied in this case that the failure to show the value of the

tractor before damage and the diligent repair thereof was through misunderstanding of the effect of a stipulation entered into at the opening of the trial, and was an evident oversight or mistake within the meaning of rule 192."

Defendants' filed resistance to plaintiff's motion to reopen the case did not allege surprise or a resulting prejudice to them in case same was granted. They pleaded estoppel, a failure to follow rule 244 R. C. P.; also, that plaintiff had failed to introduce the evidence when the first hearing was had.

When we examine the Rules of Civil Procedure we do not find that they cover the specific point raised. This is a law case in which the jury was waived and the case tried to the court. We think that rule 192 may have some bearing on the situation. It reads: "At any time before final submission, the court may allow any party to offer further testimony to correct an evident oversight or mistake, imposing such terms as it deems just."

In the order reopening the case the court called attention to such rule; also to the statute (section 11505, Code of 1939) which it replaced.

Prior to the rule, there was in effect section 11505, Code of 1939. About the only change is that the rule drops reference to submission to the jury. We think paragraph (b) of rule 179 has some application to the situation in this case.

While most of the cases called to our attention, where the court ruled to reopen the case, were in equity, yet we can see no good reason why the same rules should not apply in law cases where the record indicates that the reopening would work substantial justice.

It will be noted that the quoted rule does not specifically define its application to either law or equity. It can readily be seen that its application is most frequent in equity cases.

We think our holding in the case of In re Estate of Murray, 238 Iowa 112, 26 N.W.2d 58, bears out this statement. See also the rule as set forth in 64 C. J., Trial, section 1015, page 1207.

We have held many times that in permitting the reopening of a case to permit the introduction of evidence overlooked or omitted by mistake a wide discretion rests in the trial court. Sawin v. Union Bldg. & Sav. Assn., 95 Iowa 477, 64 N.W. 401; Tisdale v. Connecticut Mutual Life Ins. Co., 28 Iowa 12; Mc-

Nichols v. Wilson, 42 Iowa 385; State v. Rorabacher, 19 Iowa 154; In re Estate of Carroll, 149 Iowa 617, 128 N.W. 929; Fair v. County of Ida, 204 Iowa 1046, 216 N.W. 952.

The case of Sickles v. Dallas Center Bank, 81 Iowa 408, 46 N.W. 1089, deals with such matter. While the case was in equity, we think the language and reasoning might properly apply to law cases. See also In re Estate of Canterbury, 224 Iowa 1080, 278 N.W. 210; Allemang v. White, 230 Iowa 526, 298 N.W. 658; Keplinger v. Barer, 234 Iowa 1135, 15 N.W.2d 284.

The case of Shultz v. Shultz, 224 Iowa 205, 210, 275 N.W. 562, 565, was a law action. The trial court permitted the reopening of the case to permit a witness to further testify. This was alleged as error. On appeal we said: "The reopening of a case for the introduction of further testimony is a matter that is placed in the discretion of the trial court." (Citing section 11505, Code of 1935, Hartley State Bank v. McCorkell, 91 Iowa 660, 60 N.W. 197, Miller v. Hartford Fire Ins. Co., 70 Iowa 704, 29 N.W. 411, and Meadows v. Hawkeye Ins. Co., 67 Iowa 57, 24 N.W. 591.)

Following the order permitting the reopening of the case, witness McDowell was recalled by plaintiff and gave further testimony as to the value of the tractor and the time required to make the repairs thereon. Defendants made no objection to his testimony and later cross-examined him. No other evidence was taken. Both sides rested and no motion for a directed verdict was made by defendants.

Thereafter and on March 7, 1950, the court filed for record a revised judgment as heretofore referred to. In addition to the repairs for the tractor it allowed $320 for the hiring of another tractor and operator, and $105 for the loss of use of this tractor for seven days at $15 per day, a total of $819.25, and for interest and costs. The plaintiff was by said judgment entry charged with the amount of $13.80 as expenses for the reopening of the case.

We hold that the court did not err in reopening the case. Defendants conceded that Victor Scott was negligent; that the plaintiff was free from contributory negligence; that plaintiff was damaged by the partial wrecking of the tractor, which he

794

used in his work. During the time he was deprived of its use he suffered a loss of earnings and had to expend sums in order to carry on his usual duties. To grant him relief was simply an act of justice.

The ruling of the trial court was correct—there was no error and the case is affirmed.—Affirmed.

All JUSTICES concur.