FLOYD REUTER, appellant, v. CITY OF OSKALOOSA and BENJAMIN J. BERNSTEIN, appellees.

No. 50444.

MARCH 6, 1962.

Robert J. Spayde, of Oskaloosa, for appellant.

Scholz & Kennedy, of Oskaloosa, for Benjamin J. Bernstein, appellee.

H. B. McCoy and Thomas J. Bray, both of Oskaloosa, for City of Oskaloosa, appellee.

PETERSON, J.—This is an action for damages against the City of Oskaloosa, and Benjamin J. Bernstein as owner of the property abutting the sidewalk on which plaintiff fell. Plaintiff alleges he suffered permanent injury in the form of a double fractured wrist.

Defendant Benjamin J. Bernstein filed a motion to dismiss, which was sustained a year before the trial.

At the close of all the evidence defendant City of Oskaloosa moved to direct a verdict in its favor, which was sustained. Plaintiff appeals.

At about 10:15 p.m., on the evening of February 9, 1959, plaintiff was proceeding along what is known as North C Street in the City of Oskaloosa. A sleet storm had occurred about an hour before, and the sidewalk was exceedingly slippery. Plaintiff's petition consists of two divisions. In the first division he alleges negligence against both defendants as to the slippery and unsafe condition of the sidewalk. Under the evidence there is no liability as to this division as against either defendant. Plaintiff does not pursue his claim under this division.

Under Division II he alleges defendants were negligent in permitting a ramp which was from seven to nine inches in height and about 15 feet in length, to extend approximately 30 inches out from the building onto the sidewalk. There was a door leading into defendant Bernstein's property. This ramp constituted the driveway across the sidewalk, and into the building. Plaintiff alleges in his petition that he slipped on the rounded surface of the ramp, and suffered his injury in a fall upon the sidewalk immediately adjacent to the ramp.

Outside of the doctor's testimony the only evidence offered on behalf of plaintiff was his own testimony.

Plaintiff claims there was sufficient evidence before the court so that considering his evidence in the light most favorable to him, he was entitled to have the question of negligence submitted to the jury. The theory that we must consider the evidence in the light most favorable to plaintiff has been established in a long line of decisions. We will cite only a few. Mescher v. Brogan, 223 Iowa 573, 272 N.W. 645; Hebert v. Allen, 241 Iowa 684, 41 N.W.2d 240; Schneider v. Parish, 242 Iowa 1147, 49 N.W.2d 535; Mealey v. Scott, 242 Iowa 787, 48 N.W.2d 262.

I. The first question to consider is that defendant Bernstein claims we have no jurisdiction over him, since the motion to dismiss as to him was sustained by the trial court long before the case was tried and appealed. He has filed a motion to dismiss this appeal.

Plaintiff was not bound to appeal from this ruling within 30 days from the entry thereof and may now assign the ruling as error upon this appeal from the final judgment.

Rule 331(b) expressly gives plaintiff the right just referred

to. It provides: "On appeal from the final judgment, there may be assigned as error * * * any final adjudication in the trial court under rule 86 from which no appeal has been taken, where such * * * final adjudication is shown to have substantially affected the rights of the complaining party." It is obvious the sustaining of Bernstein's motion to dismiss substantially affected plaintiff's rights.

It is significant that under both rules 86 and 331(b) the ruling on Bernstein's motion is deemed a "final adjudication in the trial court", not in the appellate court.

It is apparent the question here is whether an order dismissing a case as to one of two defendants becomes a final judgment or decision from which appeal *must* be taken within 30 days, without waiting for disposition of the case as to the other defendant. In Forte v. Schlick, 248 Iowa 1327, 1330, 1331, 85 N.W.2d 549, 551, plaintiff pleaded two causes of action. The trial court sustained a motion to dismiss one of these. Plaintiff appealed, as from a final judgment. This court considered R. C. P. 331(a) and (b) and R. C. P. 332 and dismissed the appeal on the ground the order of the trial court was not a final judgment from which an appeal *may* be taken under R. C. P. 86, without grant of permission. It quotes from Goldstein v. Brandmeyer, 243 Iowa 679, 684, 685, 53 N.W.2d 268, 271, 272:

"Rule 86 does not relate to appellate but only to trial procedure. When it provides 'on such election, the ruling shall be deemed a final adjudication in the trial court' that means the particular point or question is settled so far as the *trial court* is concerned. It cannot be again raised there although the case remains open for the trial of any issues 'which remain undisposed of by such ruling and election.'

 "If the ruling be one to strike certain allegations of a pleading leaving other allegations to be tried, clearly the 'final adjudication' does not dispose of the entire case in the trial court and the ruling is therefore interlocutory."

At pages 12 and 13 of Volume 4, Iowa Rules of Civil Procedure, (Rev. Ed.) Cook, the authors state:

"This difficult question of finality [of a decision or order] is important both as to when an appeal *may* be taken, and when it *must* be taken. * * *.

"In 1945, the court amended Rules 331 and 332 to make one exception to the foregoing dilemma. This involves one who stands on his pleadings under Rule 86, thus suffering a 'final adjudication'. If such adjudication involves the merits or materially affects the final decision, he may choose between appealing from it as a matter of right; or later assigning it as error on appeal from the later judgment. He has this choice, whether the ruling is 'final' or not. He thus escapes the difficulties of 'finality'.

"But as to such adjudications under Rule 86, this amendment revives the former difficulties of when an order 'affected the merits' or the decision, which were abolished by the original Rules. The party affected by Rule 86 must now wrestle with them if he appeals at once under Rule 331(a). He can avoid them by postponing his appeal. This is because Rules 331(b) and 332 always allow this adjudication to be assigned as error on appeal from a later judgment; regardless of whether Rule 86 has produced finality, or has affected the merits. Rule 86 adjudications are, then, reviewable on appeal from the later final judgment."

In this connection it will be observed the pleaded ground was against both defendants, as follows: "* * * Bernstein with the consent and knowledge of the City * * * negligently permitted a driveway ramp to extend outward * * * into the public sidewalk * * * plaintiff * * * slipped on the rounded surface of said ramp * * *."

The general policy of the law is against piecemeal appeals. The text in Volume 4, C. J. S., Appeal and Error, section 104, page 287, states:

"As a general rule, an appeal or writ of error will not lie unless there has been a final disposition of the case, not only as to all of the issues * * * but also as to all of the parties to the suit, * * *."

At page 292: "* * * it has been held that a judgment or decree dismissing the action or bill as to less than all of two or more defendants, or a nonsuit as to one of several defendants, is not final so as to permit an appeal."

The text in 2 Am. Jur., Appeal and Error, section 27, states:

"As a general rule, a judgment or decree is not final which settles the cause as to a part only of the defendants."

In 80 A. L. R. 1186 and 114 A. L. R. 759 et seq. are extensive annotations entitled, "Judgment or order dismissing action as against one defendant as subject of appeal or error before disposition of case as against codefendant." The second annotation states (114 A. L. R. 759) : "The later cases generally support the general rule stated in the original annotation that an order or decree which dismisses an action as to a part only of the defendants, all of whom are charged to be jointly liable and the interests of all of whom are identical and not severable, is not a final judgment from which an appeal or writ of error will lie while the case remains undisposed of in the lower court as to the other defendants."

Although this decision must turn upon the proper interpretation of Iowa Rules of Civil Procedure, no good reason appears for changing our previous interpretations by turning away from the majority rule.

Defendant Bernstein's motion to dismiss this appeal as to him is overruled.

II. Appellant contends the court erred not only in dismissing the case as to Bernstein, but in directing a verdict against plaintiff as to the city.

Plaintiff's testimony was conflicting, and as to some matters, completely contradictory. It is not within our province to weigh conflicting evidence, nor to pass on the credibility of the witness. We have only one question before us—did plaintiff offer testimony of negligence which entitles him to have the jury pass on the question?

The testimony of plaintiff most favorable to him is as follows:

"When I reached the end of this ramp I slipped on the down portion and fell flat on my back with my arm under my body. * * *

"I fell back, pitched forward from the sloping end of that ramp, pitched forward how far I can't tell you, but I lit flat on my back, feet toward the alley, head south of the ramp and it was a considerable distance from the alley; it was toward the alley. * * *

"Q. You testified yesterday that you fell, you slipped off of the north end of this ramp didn't you? A. I did.

"Q. Now, this morning you tell this court and the jury that you told Ben Bernstein, that what you told Ben Bernstein was that you fell down somewhere between the ramp and the alley. A. That was true; that's true, between the ramp and the alley is a true statement.

"Q. Both true, are they? Now, then, the fact of the business is the ramp hadn't anything to do with your falling, did it? A. It certainly did. * * *

"Q. I am telling you if it isn't a fact now from what you're now telling us that you left the ramp before you slipped and fell? A. I did not, the ramp caused me to fall."

On the basis of this testimony we are unable to come to any other conclusion than that plaintiff had a right to have the question submitted to the jury. There is no question but that when the driveway, or the ramp as it is called, projected out on the sidewalk from 24 to 30 inches, the question as to its being a hazard should be submitted to the jury. Plaintiff had a right to have the question of negligence created by such a hazard, if the jury holds it was a hazard, and permitting it to exist for ten or more years, submitted to the jury.

The case is reversed and remanded for a new trial.—Reversed and remanded.

GARFIELD, C. J., and OLIVER, THOMPSON and LARSON, JJ., concur.

SNELL, HAYS and THORNTON, JJ., concur in Division II and dissent to Division I.

BLISS, J., not sitting.

SNELL, J. (dissenting in part)—I respectfully dissent from Division I.

I. Division I of the majority opinion extends rule 331(b) too far. The chronology and nature of the rulings should be noted.

On July 8, 1959, plaintiff filed this action against defendant city and against defendant Bernstein.

On August 25, 1959, defendant Bernstein moved to require plaintiff to divide his petition into a separate division for each cause of action. The motion was sustained.

On September 10, 1959, plaintiff filed amendment to petition. Division I alleges negligence incident to a slippery sidewalk. This claim was not pursued. Division II alleges negligence in permitting a ramp to extend onto the sidewalk.

On September 16, 1959, defendant Bernstein filed motion to dismiss as to him. On October 17, 1959, the motion to dismiss was sustained.

As between plaintiff and defendant Bernstein, nothing further was done. Bernstein was out of the lawsuit. As to him, the order was final. He had no further obligations nor rights. There was no place for him at the counsel table. There was no opportunity nor need for him to be heard.

On November 21, 1960, over a year later, the case came on for trial, not against Bernstein but against the city. Bernstein had nothing to do with the trial. He was not a party thereto. Had plaintiff prevailed at the trial, he would have had no judgment against Bernstein.

Rule 86, Rules of Civil Procedure, relates to pleading over after an adverse ruling. It provides: "* * * Unless otherwise provided by order or ruling, such party shall file such further pleading within seven days after such mailing or delivery; and if such party fails to do. so within such time, he thereby elects to stand on the record theretofore made. On such election, the ruling shall be deemed a final adjudication in the trial court without further judgment or order; reserving only such issues, if any, which remain undisposed of by such ruling and election."

Plaintiff did not plead over after Bernstein was dismissed. Under rule 86 the ruling was a final adjudication.

Rule 331(a) provides for appeals from final judgments including final adjudication in the trial court under rule 86 materially affecting the final decision. Rule 331(b) preserves the right of final appeal after interlocutory error or "any final adjudication in the trial court under rule 86 from which no appeal has been taken, where such ruling, decision, or final adjudication is shown to have substantially affected the rights of the complaining party."

I would construe this rule as applying to parties still in the lawsuit and to issues between them. I would not construe the rule as applying to parties no longer in the case.

Under rule 335 time for appeal is limited to 30 days.

As to defendant Bernstein, plaintiff's time for appeal should run from October 17, 1959, and not from the time of trial between plaintiff and defendant city.

As to defendant Bernstein, the appeal was not timely. I would sustain his motion to dismiss.

HAYS and THORNTON, JJ., join in this dissent.