In re Estate of Herbert Eitzen.

Rosa Rope, Appellee, v. W. C. Lauman, Administrator, et al., Appellants; Emil Eitzen et al., Appellees.

No. 45796.

May 5, 1942.

Ferguson & Ferguson, for appellants.

H. T. Pressly and L. H. Mattox, for appellee Rosa Rope.

Wennerstrum, J.—Appellee, a beneficiary named in the will of Jacob Eitzen, deceased, brought an action to foreclose her claimed lien, created by the will of her deceased father, upon certain real estate belonging to him. The defendants who have appealed assert that there has been a novation of the bequest to appellee by subsequent written contracts between her and her brothers, Herbert Eitzen and Emil Eitzen, to whom the land was devised by the father's will. The appellants further assert that there has been a payment of appellee's legacy and that the claim is now barred by the statute of limitations. The trial court entered a decree giving appellee judgment in rem for the full amount claimed in her petition, with interest, foreclosed appellee's lien on the real estate involved, and ordered the sale of the real estate for the satisfaction of the judgment. It also entered judgment against Emil Eitzen for the sum of $7,500, with inter-

est, and further decreed that the claim of $7,500 filed by the appellee against the estate of Herbert Eitzen, deceased, be allowed, with interest, and established as a claim of the third class. The probate proceedings had been transferred to and consolidated with the equity proceedings for trial, by order of court. The defendants, with the exception of Emil Eitzen and Alvah Eitzen, have appealed.

Jacob Eitzen, a resident of Page county, Iowa, died testate in 1921, and his will was thereafter admitted to probate. He owned 647 acres of land in Page county, Iowa, which he bequeathed to eight of his children, subject to a life estate to his wife, Anna Eitzen. The particular portion of the will which has occasioned this litigation is as follows:

"Subject to the life estate hereinbefore mentioned, I will, devise and bequeath to my sons, Herbert Eitzen and Emil Eitzen, subject to the easement below set out, the Northwest Quarter (NW¼) of Section Four (4), Township Sixty-seven (67), Range Thirty-nine (39) West of the 5th P. M., upon condition and provided that they pay to my daughter, Rosa Rope, the sum of $15,000.00 and pay to my daughter, Emma Christianson, the sum of $500.00 and pay to my daughter, Amanda Eitzen, the sum of $500.00 within eighteen months following the proof of this will; they to be the owners in common and share alike in the ownership of said quarter section of land and each pay one-half of the $16,000.00 above mentioned."

The appellee had filed a claim against the administrator of the estate of Herbert Eitzen, one of the devisees noted in the portion of the will of Jacob Eitzen, deceased, previously set forth, in which she claimed $7,500 due her by virtue of her father's will. Appellee asked that her claim be established as a lien against the particular land in question. To this claim she thereafter filed an amendment alleging an agreement entered into March 4, 1922, extending the time of payment of the terms of the particular portion of the will in question. As previously stated, she also brought an action in equity in which she sought to enforce the provisions of the will and wherein she demanded a judgment against the administrator of the estate of Herbert Eitzen, deceased, for $7,500, and against Emil Eitzen for $7,500,

and a foreclosure of the lien claimed under and by virtue of the will of Jacob Eitzen, deceased.

The record discloses that Herbert Eitzen, one of the devisees previously referred to, died October 7, 1938, and that Anna Eitzen, the wife of Jacob Eitzen, died on December 13, 1938. It is also disclosed that Emil Eitzen, one of the devisees also mentioned in the particular portion of the will in question, and his wife, Alvah Eitzen, made no defense to the action brought by the appellee, and a judgment was entered against these two defendants. It will also be observed that they have not appealed.

The particular contentions of the appellants, as noted by their brief and argument, are substantially as follows: (1) The appellee has failed to sustain the allegation of her petition; (2) that there was a complete novation of the obligation of Herbert Eitzen and Emil Eitzen by virtue of an oral agreement entered into on March 4, 1922; (3) that appellee is estopped from claiming that the provisions of the will in question are in force and that any lien that exists is by virtue of the terms of said will; (4) that the decree is inequitable and contrary to the law of Iowa for the reason that it permits the sale of the interest in the land owned by the widow and children of Herbert Eitzen to pay the debts of the other defendant, Emil Eitzen.

The principal contention of the defendants who have appealed appears to be that, by reason of certain papers prepared in connection with the closing of the estate of Jacob Eitzen, deceased, there has been a novation of the conditions and terms of the will of Jacob Eitzen. The necessity of limiting the length of this opinion will prevent the setting forth of all the evidence presented upon this question, but a summary of the evidence and exhibits is hereinafter set forth.

On or about March 4, 1922, the widow of Jacob Eitzen, and most of his children, had a meeting at the office of the attorney who was assisting in the administration of the estate. At that meeting the attorney referred to the portion of the will which provided for the $15,000 payment to Rosa Rope, and, according to the attorney's testimony, some statements were made to the effect that it was impossible for the brothers, Herbert and Emil Eitzen, to pay the $16,000 as provided by the will. According to the testimony of the attorney, he made some suggestion, "* * *

that we draw up an agreement to take the place of, or substitute it for the provisions of the will providing they would give the administrators not only a general receipt and waiver of notice, but also give these boys receipts, * * *.'' The attorney further testified:

"Well now, Rosa says, 'Well, that would look as tho I have got my money.' 'No,' I says 'You can just follow your idea, that you have been paid and you have loaned it back to the boys and they can give you a note for it and that will meet the same end or purpose.' And I think it was Herbert says, 'Well I wouldn't want to give a note bearing interest unless the rest of them would all agree to help me pay it.' "

At the time of this family conference there was a statement prepared and signed by Herbert Eitzen and Emil Eitzen, which was as follows:

"We, Herbert Eitzen and Emil Eitzen, devisees under the will of our father, Jacob Eitzen, deceased, acknowledge that under clause eight of said will which has been filed and probated in the District Court of Page County, Iowa, we are indebted to our sister, Rosa Rope, in the sum of $15,000.00. That we have not paid said sum of money to our said sister but the time has arrived when said estate should be closed and it being agreed by and between ourselves and the said Rosa Rope that she is now to file receipt acknowledging receipt of said sum of money from us for the purpose of closing up said estate, and we agree to pay to our said sister, Rosa Rope, the sum of $15,000.00 when and at such time as we come into the possession and enjoyment of the rents and income from the 160 acres of land devised to us under said clause of our said father's will, without interest, excepting that it is agreed that if the land devised in said will shall rise in value, considered in its present condition, between now and the date this promise matures, then we shall pay to her, our said sister, a fair amount of interest for the use of said $15,000.00 during the time the payment is deferred in proportion to the rise or increase in value of said farm lands,

"Herbert Eitzen
"Emil Eitzen.''

A further exhibit which was introduced in evidence was the receipt and waiver of notice of the final report of Jacob Eitzen, which was signed by Rosa Rope and the other heirs of the Jacob Eitzen estate. This receipt and waiver of notice is in part as follows:

"We, * * * hereby acknowledge satisfaction in full of all of our rights, claims and interest in and to said estate, so far as the same came to us through the action of the executors of said estate."

A further paper prepared at the time of the conference in the attorney's office and which was signed by the heirs and beneficiaries of the will of Jacob Eitzen, deceased, except Rosa Rope, is as follows:

"Shenandoah, Iowa, March 4, 1922

"We, the undersigned heirs and beneficiaries under the will of our father, Jacob Eitzen, deceased, do hereby enter into, by and between and among ourselves, the following agreement, to-wit:

"Whereas, under clause eight of the will of our father, * * * Herbert Eitzen and Emil Eitzen are obligated to pay to our sister, Rosa Rope, the sum of $15,000.00; and, whereas, under said will, we do not come into possession of our bequests until the death of our mother; and, whereas, by the terms of said will our said sister, Rosa Rope, should be paid her $15,000.00 within eighteen months following the proof of said will; and, whereas, it is mutually agreed that it would be unfair and inequitable for one beneficiary to receive her estate at said date named and the other shares to be deferred as set out in the will; and, whereas, Herbert Eitzen and Emil Eitzen have given to our sister their promissory note or agreement to pay the said $15,000.00 at such time as they shall come into the possession of and enjoyment of the rents, income and profits from the land devised to them, and have further agreed to pay as interest to the said Rosa Rope during said time such amount as would make the increase or interest on her $15,000.00 equivalent to any increase in the value of the real estate devised under said will.

"It is therefore agreed by and between ourselves that if it is found that the said Rosa Rope is entitled to receive as interest

or profit on the sum of $15,000.00 at the date of settlement of said promise to pay, according to the terms of said note given, that we will each contribute our proportionate share of such amount paid to her over $15,000.00."

There was also introduced in evidence the following receipt:

> "Shenandoah, Iowa, March 4, 1922
> Received of Herbert Eitzen and Emil Eitzen
> Fifteen Thousand and no/100....................Dollars
> For the sum coming to me under the will of my father,
> Jacob Eitzen, deceased.
>
> Rosa Rope."

There is other testimony given by the attorney, bearing upon the preparation of the various papers, but it is largely cumulative to the testimony previously set forth and relative to the exhibits which have been hereinbefore incorporated. The appellants' other witnesses who testified concerning the arrangements with Rosa Rope are a Mr. and Mrs. Earl White, who testified in substance that on or about December 30, 1938, Rosa Rope was at the home of Genevieve Eitzen, who is the widow of Herbert Eitzen. These witnesses stated that at that time Rosa Rope said, in substance:

"Genevieve, you don't need to worry about father's will for we have that fixed so you will get your share, which is a third."

The appellee, Rosa Rope, denied that she had made any statement to Genevieve Eitzen as testified to by Mr. and Mrs. White. She also denied the statements attributed to her by the attorney who had prepared the papers and who in his testimony had quoted her as making statements consenting to a new agreement relative to the payment of the amount due her under the will. Emil Eitzen, one of the persons named in the particular portion of the will which is in controversy, and who did not contest the action of the appellee, testified, and there stated:

"I want to carry out my father's will."

Harry Eitzen, a brother of Emil and Herbert Eitzen and one of the beneficiaries of the will of Jacob Eitzen, testified on behalf of the appellee to being present at the office of the attor-

ney when the papers were prepared but did not remember any particular comments that were made at that time. On cross-examination he was asked if he knew about the new arrangements made that day, to which he replied, "No I didn't know there was."

William Eitzen, who is also a son of Jacob Eitzen, deceased, and a brother of Herbert and Emil Eitzen, stated he was at the attorney's office when the papers were prepared, and testified:

"Well, the way the will was, why it called for $15,000 for the two boys to pay Rosa at a certain time of my father's death, and he asked the boys if they had enough money to pay her out and they said they didn't so he said he would have to fix up some kind of an agreement to fix it so they could, well, put them off a little while and then they could extend it a little bit, so they would have a little time to catch up."

He further testified, in part, relative to the statements made by the attorney as follows:

"Rosa says, 'Is that all I will need'? He says, 'That is all the security you will need.' "

There is further testimony, as shown by the cross-examination of the attorney who assisted in the administration of the estate of Jacob Eitzen, deceased, that the boys (Herbert Eitzen and Emil Eitzen) did not file a declination to take under the will of their father, and he further testified that they never said they would not take under the will.

The essentials of novation, as noted in Hakes v. Franke, 210 Iowa 1169, 1177, 231 N. W. 1, 5, are as follows:

"(1) A previous, valid obligation, (2) the agreement of all the parties to the new contract, (3) the extinguishment of the old contract, (4) the validity of the new one."

In 39 Am. Jur. 260, section 14, Novation, it is stated:

"A novation may result from the substitution of a new obligation or contract between the same parties, with intent to extinguish the old obligation or contract. * * *

"However, this does not mean that novation will result from the substitution of one writing for another, or one evidence of

debt for another, or one contract for another, in the absence of an intention to that effect.''

Further in this same authority, at page 262, section 17, it is stated:

''It is a well-settled principle that an essential element of every novation is a new contract to which all the parties concerned must agree, and in the absence of such agreement or consent a novation cannot be effected. In most jurisdictions assent to the terms of a novation need not be shown by express words, but may be implied from the facts and circumstances attending the transaction and conduct of the parties thereafter. * * * The strict civil law rule, however, has been modified to the extent that the release must be expressly declared or so clearly result from the record that no doubt can exist in regard to it.''

As bearing upon the intention of the parties, in this last-cited authority, at page 266, section 21, it is stated:

''In order to effect a novation there must be a clear and definite intention on the part of all concerned that such is the purpose of the agreement, for it is a well-settled principle that novation is never to be presumed. The intention of the obligor that the existing debt should be discharged by the new obligation must be concurred in by both debtor and creditor. The point in every case, then, is, did the parties intend by their arrangement to extinguish the old debt or obligation and rely entirely on the new, or did they intend to keep the old alive and merely accept the new as further security, and this question of intention must be decided from all the circumstances.''

As bearing upon the nature of the proof required to support the theory of novation, it is further stated in this same authority, at page 272, section 33, as follows:

''It is well settled that novation is never presumed, but must be proved, and all the essentials of a novation must be established by legal and sufficient evidence. The burden of proving a novation rests upon him who asserts it, and where a novation is pleaded in defense, the burden of establishing it is on the defendant.''

And at page 273, section 34, of the same authority, it is stated:

"Novation may be established either by direct evidence or circumstantially by proof of facts from which the intention to effect such an agreement may be reasonably implied. However, to establish novation the proof should be clear and satisfactory."

It was the holding of the trial court that:

"* * * the evidence fails to show that anything done by the parties relative to arrangements for the plaintiff's legacy after the probate of the will of Jacob Eitzen, deceased, constituted a novation, or amounted to the making of an entirely new agreement between the parties to take the place of the obligation of Herbert Eitzen and Emil Eitzen to pay the plaintiff's bequest as provided in said will; that what the parties did by entering into Exhibit 2, was to modify the original obligation created by the will by extending the time of payment of plaintiff's bequest until the said Herbert Eitzen and Emil Eitzen should come into possession and enjoyment of the real estate devised to them by their father."

With this announced conclusion of the trial court we are in accord. Emil Eitzen, one of the interested parties, makes no claim that there has been a novation, nor did he testify that there was any declination of the terms of the will, and consequently, we do not see where there has been a new contract that releases all the parties, which is one of the essentials required to support the theory of novation. It is our further judgment and conclusion that the proof necessary to support the theory of novation and the making of a new contract does not appear in this record.

We therefore hold that the decree as entered by the trial court is proper, and that it should be, and it is, affirmed.— Affirmed.

BLISS, C. J., and HALE, MILLER, OLIVER, STIGER, SAGER, and GARFIELD, JJ., concur.