In re IOWA GREAT LAKES MOBILE
HOME SALES CORPORATION,
Debtor.

Edward F. SAMORE, Trustee,
Plaintiff–Appellant,

v.

Gerald TOBERMAN,
Defendant–Appellee.

No. C 87–4001.

United States District Court,
N.D. Iowa, W.D.

Oct. 29, 1987.

Edward F. Samore, Jeffrey Mohrhauser, Sioux City, Iowa, for plaintiff-appellant.

Douglas L. Hein, Spencer, Iowa, for defendant-appellee.

## OPINION

DONALD E. O'BRIEN, Chief Judge.

This is a bankruptcy appeal brought by the Trustee. A hearing was held on August 13, 1987. After careful consideration of the parties' briefs and arguments, the Court affirms the bankruptcy court's decision, but on different grounds.

### Facts

Debtor, Iowa Great Lakes Mobile Home Sales, filed for Chapter 11 bankruptcy on April 24, 1984. Iowa Great Lakes was debtor in possession and leased its sales lot premises to Iowa Homes R & V Corporation, owned by appellee, Gerald Toberman. Mr. Toberman signed a lease on April 26, 1984 on behalf of Iowa Homes R & V Corporation. The parties later executed an addendum to the lease which provided that Iowa Homes R & V Corporation would pay Iowa Great Lakes 50% of its proceeds made on the leased premises. However, it was not until May 11, 1984 that the Iowa Secretary of State issued articles of incorporation for Iowa Homes R & V Corporation.

The attorney for Iowa Great Lakes did not file an application to perform under the written lease until May 15, 1984. Bankruptcy Judge Thinnes granted this application on May 23, 1984, several weeks after Iowa Homes R & V was incorporated. Iowa Great Lakes then converted to a Chapter 7 bankruptcy, and the Trustee sought collection of the lease money from Gerald Toberman personally, under a theory of pre-incorporation promoter's liability. Bankruptcy Judge Hill found for Toberman, holding that there had been a novation of the lease and the Trustee could not collect the rent from Toberman personally. The Trustee appealed this ruling.

### Discussion

Judge Hill recognized that under Iowa law, promoters remain "personally liable

for contracts they have entered into personally, even though they have contracted for the benefit of the projected corporation and although the corporation has been formed and has received benefits of the contract and they are not discharged from liability, unless there is a novation or other agreement to such effect." *Decker v. Juzwik*, 255 Iowa 358, 121 N.W.2d 652, 659 (1963). However, the bankruptcy court specifically noted that "no evidence was produced bearing directly on the question of novation." (Judge Hill's Order at page 11). The court nevertheless concluded that Iowa Homes R & V was aware of the April 26th lease, and had intended to assume that obligation on the day it became incorporated, and that Toberman was not personally liable.

The Trustee contends that Judge Hill erroneously considered the novation issue, as Toberman did not specifically plead it, and that the bankruptcy court erroneously saddled the Trustee with the burden of proof. In *Eitzen's Estate v. Lauman*, 231 Iowa 1169, 3 N.W.2d 546, 550 (1942), the Iowa Supreme Court held that the party asserting novation bears the burden of proof on that issue. The Trustee reasons that the bankruptcy court could not rely on the novation theory, as it specifically acknowledged there was no specific evidence supporting novation.

Toberman argues that Judge Hill's reliance on novation was harmless error. He contends the bankruptcy court's permission was required prior to Iowa Great Lakes' performance under the April 26, 1984 lease. Toberman contends that the date upon which the lease became enforceable was not the date it was executed, but the date on which Judge Thinnes granted permission for Iowa Great Lakes to perform under the lease. This occurred on May 23, 1984, well after Iowa Homes R & V became incorporated on May 11, 1984. Toberman concludes that he is not personally liable, as Iowa Homes R & V was incorporated before the bankruptcy court granted permission to perform or execute the lease.

 Title 11, United States Code, Section 363(b) requires notice and an opportunity to be heard whenever property of the estate is to be sold or leased other than in the "ordinary course of business." The leasing of a debtor's place of business, as occurred in this case, would appear to be outside the ordinary course of business. It follows, therefore, that a bankruptcy court must approve such a transaction. In the instant case, Judge Thinnes entered the following order on May 23, 1984:

> And now on the 23d of May, 1984, the application of Iowa Great Lakes Mobile Home Sales Corporation seeking a court order for permission to negotiate and enter into an agreement for a lease with Iowa Homes R.V. Corporation having been set for hearing comes on before the court and being fully advised the court finds that said application be granted. It is therefore ordered, adjudged and decreed that Iowa Great Lakes Mobile Home Sales Corporation is hereby permitted to enter an agreement for lease with Iowa Homes R.V. Corporation.

This order was entered approximately two weeks after Iowa Homes R & V became incorporated. Thus, it appears from the language of Judge Thinnes' order that neither Gerald Toberman nor Iowa Homes R & V had the capacity to enter into a valid lease agreement until May 23, 1984.

The Court finds that while novation may not have been the best foundation for Judge Hill's order, his decision is nevertheless affirmed. The bankruptcy court did not permit Iowa Great Lakes to enter into a lease until May 23, 1984. By that time, Iowa Homes R & V had already been incorporated. Also, a lease addendum was executed between Iowa Great Lakes and Iowa Homes R & V on the day the latter became incorporated. Iowa Homes R & V then assumed possession of the lot and maintained a bank account from which it issued checks to Iowa Great Lakes for a portion of the rental obligation. These facts indicate that Iowa Homes R & V did assume the lease. The Court further finds that as Gerald Toberman lacked the bankruptcy court's blessing, he lacked the capacity to enter into the lease agreement and could not have done so until May 23, 1984.

IT IS THEREFORE ORDERED that the bankruptcy court's decision is hereby affirmed and this appeal is dismissed.