139 F.3d 906
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph MOLITORISZ; Marie Molitorisz (deceased), Plaintiffs-Appellants,
v.
SMALL BUSINESS ADMINISTRATION, Defendant-Appellee.
 No. 96-35629.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 6, 1998.**
Decided Feb. 13, 1998.
 
 Appeal from the United States District Court for the Western District of Washington, No. CV-95-01371-TSZ; Thomas S. Zilly, District Judge, Presiding.
 Before: BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Joseph Molitorisz appeals pro se the district court's denial of his motion for summary judgment in his action against the Small Business Administration, as well as the district court's grant of summary judgment for the SBA on its counterclaim. Molitorisz alleges breach of contract and seeks release of the SBA's mortgage on his residence, which was taken as security for SBA business loans to his company, Agropack, Inc. The SBA's counterclaim was for foreclosure on the mortgage. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Westlaw Only
 
 I.
 
 3
 This case revolves around our interpretation of the parties' March 1, 1990 Agreement. The SBA contends that the Agreement was a modification which restructured the Agropack debt and provided Molitorisz with one last opportunity to establish a business that could generate sufficient funds to repay the loans. Molitorisz claims that the Agreement represented a new agreement (a novation), fully settling his obligations as the guarantor.
 
 
 4
 The Agreement cannot be interpreted without reference to the original notes, security agreements, and guarantees. Thus we conclude that the Agreement was a modification of the original loan agreements and did not constitute a novation settling Molitorisz's personal guaranty obligations.[1] See Klipp v. Iowa Grain Indemnity Fund Board, 502 N.W.2d 9, 11 (Iowa 1993) (explaining that where a new contract requires reference to a prior contract to understand, the new contract merely modifies the original contract); see also In re Eitzen's Estate v. Lauman, 3 N.W.2d 546, 550 (Iowa 1942) (release of obligor's liability "must be expressly declared or so clearly result in the record that no doubt to exist in regard to it"). Therefore, the unchanged portions of the original loan agreements, including Molitorisz's personal guaranty obligations, remain in full force. See DeWaay v. Muhr, 160 N.W.2d 454 (Iowa 1968) (existing terms not abrogated by a modification become part of the modified agreement).
 
 
 5
 In addition, Molitorisz's view of the Agreement as a novation is untenable because it would render irrelevant several provisions in the Agreement, including the annual review of the repayment agreement and the scheduled resumption of monthly payments after a one-year deferral. An interpretation of a contract that gives effect to all terms of the contract is preferred to one that renders some provisions of the contract meaningless. See First Nat'l Bank of Creston v. Creston Implement Co., 340 N.W.2d 777, 781 (Iowa 1983).
 
 
 6
 The SBA did not breach the Agreement. Under the Agreement, the SBA was obligated to defer payments due under the note and to purchase the Security Pacific lien on Molitorisz's residence. The SBA fulfilled both of these obligations.
 
 II.
 
 7
 Molitorisz breached the Agreement. He was to resume making regular monthly payments on both loans in March 1991. He did not. Acting pursuant to the terms of the note, the SBA declared the loan in default, accelerated the balance, and made demand upon Molitorisz as guarantor. Molitorisz failed to fulfill his obligations as guarantor when he did not pay the balance of the note. Therefore, the SBA was entitled to pursue its default remedies.
 
 III.
 
 8
 Finally, pursuant to the guaranty agreement, the SBA is entitled to reasonable attorneys fees and costs for this appeal.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Molitorisz raises a new claim on appeal, arguing that he only guaranteed the second loan, in the amount of $150,000, and thus the SBA's District Director had the power to approve a compromise as to the loan's repayment. That argument is made to counter one of the SBA's defenses, which is that because the loans total more than $150,000, the District Director did not have such power. See CFR § 101.3-2 Part V (1990). Molitorisz's argument may not properly be considered by this court because he failed to raise it in district court. See Lippi v. City Bank, 955 F.2d 599, 604 (9th Cir.1992) ("Our review is limited to the record presented to the district court at the time of summary judgment.")